[No. 12964. Department One. — September 10, 1890.]

J. BOAS, RESPONDENT, v. WILLIAM FARRINGTON,
APPELLANT.

VENDOR AND PURCHASER — CONTRACT OF SALE — ABSTRACT OF TITLE —
RESCISSION — RECOVERY OF PURCHASE-MONEY. — Where a contract for
the sale of land provided that the purchase-money should be payable in
installments, the first installment to be paid on the signing of the agree-
ment, the "title to be good or the money to be refunded, party of the
first part to furnish abstract of title to said land," and the vendor fur-
nished an abstract which failed to show a good title, the purchaser may
rescind the contract, and recover the money already paid, although the
vendor, as matter of fact, had a good title to the property, if the ven-
dor did not offer to remedy the abstract, or cause a perfect abstract to be
furnished before the time arrived for payment of the second install-
ment.

Appeal from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Archer & Bowden,* for Appellant.

*Marcus Rosenthal,* and *E. F. Preston,* for Respondent.

Works, J.— One Rosenthal and the appellant entered into the following contract: "This agreement, made the twentieth day of August, 1887, between William Farrington of Santa Clara County, state of California, the party of the first part, and Joseph Rosenthal of the city and county of San Francisco, state of California, the party of the second part, witnesseth: The party of the first part has this day agreed to sell, and deed, by bargain and sale deed, his ranch in Santa Clara County, bounded as follows: On east by Quito road; south by lands of Mitchell, Neva, and Cox; west by Campbell's Creek; north by lands of T. Scully, and a short portion of the Saratoga Avenue, containing about 210 acres,— together with all improvement thereto belonging, for the price of two hundred and fifty dollars per acre, payable as follows: Five thousand dollars on the signing of this agreement, twenty-one thousand two hundred and fifty dollars on the twentieth day of September, 1887, and the balance on or before two years; with interest at eight per cent per annum, payable semi-annually, with bond and mortgage secured on the within-described premises; title to be good, or the money to be refunded; party of the first part to furnish abstract of title to said land. Witness the hand of party of the first part this twentieth day of August, 1887, at San José, California." Rosenthal paid the five thousand dollars, and thereafter the appellant furnished the abstract provided for in the contract. The abstract failed to show a good title to the land in the appellant. Rosenthal demanded a return of

the five thousand dollars, which was refused. His claim
therefor was assigned to the respondent, who brought
this action to recover this sum of money. The court
below rendered judgment for the plaintiff, and this ap-
peal is by the defendant, from the judgment, and comes
upon the judgment roll. The court below found that
the abstract furnished by the appellant did not show a
good title in him, but that, as a matter of fact, he had a
good title to the property. The whole controversy on
this appeal turns upon the proper construction to be
placed upon the contract above set out. The appellant
contends that the contract did not require him to fur-
nish an abstract showing a good title, or at most that he
was not bound to furnish it at the time the defective one
was furnished, or at any time before the time for the
final payment of the purchase-money; and that, as it
appeared at the trial that he had a good title to the prop-
erty, he was entitled to judgment. We cannot so con-
strue the contract. It is apparent, from the terms of the
agreement, that the question of title was to be deter-
mined before the respondent's grantor could be required
to make the second payment, as, at that time, the subse-
quent payments were to be secured, and the whole matter
closed up; but if this were not so, and the appellant was
not bound by the terms of the contract to furnish the
abstract until a later day, he waived this right, and did
furnish it before Rosenthal offered to rescind. Certainly,
when the abstract was furnished, the purchaser had the
right to act upon it, and as it failed to show a good title
in the vendor, the vendee was not bound to lay out of
the use of his money, and pay the whole balance of the
purchase-money before he could recover back any part
of what he had paid. If the vendor had a good title, as
the court below found he had, he should have furnished
an abstract showing it, and upon it being called to his
attention, either by the demand for a rescission or other-
wise, that it was defective, he should have at once caused

a perfect abstract to be furnished. He did neither; and in his answer stands by the abstract furnished by him, and asserts that it was a good one. If the abstract was a good one, it showed that his title was bad. It is too late now for him to assert that he was not bound to furnish an abstract at all, or that he was not bound to furnish it at the time he did.

Judgment affirmed.

PATERSON, J., and Fox, J., concurred.