[No. 13151.    Department One. — June 25, 1891.]

## S. W. DENNIS, APPELLANT, v. I. STRASSBURGER, RESPONDENT.

VENDOR AND PURCHASER — RESCISSION OF CONTRACT OF SALE — DEFECTIVE TITLE — RECOVERY OF DEPOSIT — PLEADING. — In an action to rescind a contract for the purchase of real estate, and to recover money paid as a deposit and part payment, on the ground that the title to the land was defective, in order to entitle the purchaser to recover, he must allege and prove that he has performed all the conditions on his part to be performed, and that the vendor is in default as to the conditions to be performed by him.

ID. — TIME ALLOWED TO PERFECT TITLE — MATURITY OF CAUSE OF ACTION. — Under a contract for the sale of real estate, providing that fifteen days should be allowed for the examination of title, and if the title should be defective, thirty days would be allowed to perfect it, the purchaser is not entitled to rescind the contract and recover the amount paid as a deposit, on the ground of a defective title, until the expiration of the thirty days.

ID. — DEFAULT OF VENDOR — TENDER OF DEED — DEMAND AND TENDER BY
PURCHASER. — The fact that the purchaser alleged and proved that the
vendor, within thirty days after the making of the contract, did not ten-
der the purchaser a deed, does not show a default of the vendor entitling
the purchaser to rescind the contract, if the purchaser failed to tender
the purchase-money and demand the deed.

ID. — MUTUAL AND DEPENDENT OBLIGATIONS — PUTTING IN DEFAULT. —
The obligations of the parties to an agreement for the sale of land are
mutual and dependent, where o1e is to convey and the other, at the
same time, to pay the purchase price, and neither can put the other in
default except by tendering a performance on his part, unless the other
party waives the tender, or by his conduct renders it unnecessary.

ID. — MEMORANDUM OF CONTRACT — SIGNATURE OF VENDOR — STATUTE OF
FRAUDS. — A written memorandum of a contract, whereby a vendor
agrees to sell to a purchaser real estate for a specified sum, which suffi-
ciently describes the property, need only be signed by the vendor, to ren-
der it valid and binding as against him.

APPEAL from a judgment of the Superior Court of
the city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

The pleadings admit, by a failure to deny, that plaintiff
had peformed all the terms of the contract to be done on
his part. (*Doll* v. *Good*, 38 Cal. 287; *Busenius* v. *Coffee*, 14
Cal. 91; *Kuhland* v. *Sedgwick*, 17 Cal. 123; *Marsters* v.
*Lash*, 61 Cal. 623; *Leroux* v. *Murdock*, 51 Cal. 541; *Burke* v.
*T. M. Water Co.*, 12 Cal. 403; *Blankman* v. *Vallejo*, 15 Cal.
638; *Woodworth* v. *Knowlton*, 22 Cal. 164; *Ghirardelli* v.
*McDermott*, 22 Cal. 540; *More* v. *Del Valle*, 28 Cal. 170;
*Fitch* v. *Bunch*, 30 Cal. 211.) Facts admitted by the
pleadings cannot be modified or overcome by probative
facts. (*Mulford* v. *Estudillo*, 32 Cal. 138; *Hall* v. *Polack*,
42 Cal. 225.) The terms of the contract are very plain,
that the balance of the purchase price was to be paid
upon tender to plaintiff, by defendant, of a good and
sufficient deed, and if title should not be " perfect," the
deposit was to be returned on demand. (*Smith* v. *Tay-
lor*, 82 Cal. 533; *Waterman* v. *Boltinghouse*, 82 Cal. 659.)

The vendor must aver tender of deed, if the covenants are mutual and dependent. (*Kelly* v. *Mack*, 45 Cal. 303; *Bohall* v. *Diller*, 41 Cal. 533; *Hill* v. *Grigsby*, 35 Cal. 663; *Folsom* v. *Bartlett*, 2 Cal. 163; *Morgan* v. *Stearns*, 40 Cal. 434; *Reese* v. *Hoeckel*, 58 Cal. 283.) The contract is unilateral, and wanting in mutuality. Both parties to a contract must be bound; for if one party is not bound, the other is not. (Wharton on Contracts, sec. 2; *Muldoon* v. *Lynch*, 66 Cal. 537; *Eva* v. *McMahon*, 77 Cal. 467; Civ. Code, secs. 1670, 1671.)

*E. F. Preston*, for Respondent.

The contract was a concurrent contract, as each had something to perform thereunder before the other could be placed completely in default; and each was required to perform his part of the contract, or offer to perform or hold himself ready to perform it, before any cause of action could arise in his favor against the other. (*Barron* v. *Frink*, 30 Cal. 488; *Hill* v. *Grigsby*, 35 Cal. 661; *Englander* v. *Rogers*, 41 Cal. 421; *Bohall* v. *Diller*, 41 Cal. 534; *Stockton S. & L. S.* v. *Hildreth*, 53 Cal. 723.) The contract is a valid subsisting contract. Even if it was an optional or unilateral contract, it was made mutual by the filing of a bill. (Reed on Statute of Frauds, sec. 362.) The doctrine of mutuality has no application. (*Justice* v. *Lang*, 42 N. Y. 493; 1 Am. Rep. 576; Boone on Real Property, sec. 377.) A partial payment made by the party not signing cannot be recovered back from the parties who sign, unless there is proof which would entitle the party suing to rescind. (2 Reed on Statute of Frauds, sec. 613; *Cobb* v. *Hall*, 29 Vt. 510; 70 Am. Dec. 432, and note; *Plummer* v. *Bucknam*, 55 Me. 105; Boone on Real Property, sec. 399, with authorities there cited.)

GAROUTTE, J.— This action is brought to recover eight hundred dollars as a deposit and part payment of out-

side lands, block 986, in the city and county of San Francisco, under a contract, in writing, set forth in the complaint, as follows:—

"I. STRASSBURGER & Co.,

"Real Estate Agents, 326½ Montgomery Street, Safe Deposit Building.

"SAN FRANCISCO, August 22, 1887.

"Received of S. W. Dennis eight hundred dollars as a deposit and in part payment of the following property, being situate in the city and county of San Francisco, and state of California, and more particularly described as follows, to wit: O. L. Block 986, sold to him this day for the sum of eight thousand dollars, U. S. gold coin, fifteen days allowed for examination of title and completion of purchase; i. e., seventy-two hundred dollars is to be paid upon the tender of a good and sufficient deed, conveying the title; if title is defective, thirty days are allowed to perfect the same, and if after the expiration of said term, unless extended by mutual consent, the title shall not have been perfect, the deposit is to be returned on demand.

"If the sale is not consummated according to the foregoing conditions, the deposit is to be forfeited, and become the property of the undersigned.

"Time is the essence of this contract.

[Signed]                    "I. STRASSBURGER."

The complaint further alleges that the title was defective; that no deed was tendered within thirty days after the making of the agreement, or at any time, and the time was not extended by mutual consent; that plaintiff has done and performed all the conditions and terms of the contract on his part to be done and performed; and that defendant has refused to return to plaintiff said deposit of eight hundred dollars, although demanded so to do, upon September 22, 1887. Defendant, by his answer, admits the making of the contract; denies that the title is defective; admits that he never

tendered a deed, and that the time was not extended by mutual consent; denies that plaintiff has done and performed all the conditions and terms of the contract set forth in the said complaint on his part to be done and performed; admits that he refused to deliver the amount paid to plaintiff upon demand.

At the trial, plaintiff introduced evidence showing the pendency of two certain suits in the superior court of the city and county of San Francisco, one in ejectment and the other in partition, and which litigation included, among other land, the land described in the complaint.

It was further testified that these suits included within their claims the larger portion of the city of San Francisco, and that the witness had no knowledge as to the merits of the litigation.

Defendant gave to plaintiff's attorney an abstract of title to the property September 3d, and shortly after, said attorney rejected the title; and upon September 22d, a demand was made for a return of the money, plaintiff at that time notifying defendant that he was not satisfied with the title.

Plaintiff rested his case, whereupon defendant made a motion for a nonsuit, which motion was granted, and plaintiff appeals from that judgment, and from the order denying his motion for a new trial.

The grounds upon which the motion for a nonsuit was based are not stated as clearly and concisely as they should be, but they appear to be, mainly, that plaintiff failed to show that the title to the land was defective, and again, if the title was defective, defendant was entitled to thirty days under the contract to remove such defects, and that he neither had notice that such defects existed, nor was given thirty days in which to correct or remove them.

This is an action to rescind a contract, and in order for plaintiff to recover, it was necessary for him to allege

and prove that he had performed all the conditions on his part to be performed, and that defendant was in default as to conditions to be performed by him.

Under the contract, fifteen days was allowed plaintiff to examine the title, and then, if the title was defective, defendant was allowed thirty days to perfect the same. It is extremely difficult to comprehend how plaintiff was entitled to recover back the eight hundred dollars until he had first given defendant thirty days' time to perfect the title (if the title was defective).

In order to recover in this action, plaintiff should have tendered the balance of the purchase price and demanded his deed; and if such demand was refused, he should then have demanded the return of his money. If he based his right of recovery upon defective title, he should have notified defendant that the title was defective; and if, upon the expiration of thirty days from that time, defendant had not perfected his title, then he should have demanded the return of the amount paid, and a refusal would have formed a basis for a good cause of action.

He demanded a return of the money upon September 22d. If he based his right to rescind upon defective title, then his demand for a return of the amount paid was premature and of no avail, for the time in which defendant was allowed to perfect his title had not yet expired.

The allegation and proof that the defendant, within thirty days after the making of the contract, did not tender plaintiff a deed, adds no weight to his contention; for it was as much the duty of the plaintiff to tender the money as it was the duty of the defendant to tender the deed.

"The obligation of the parties to an agreement for the sale of land are mutual and dependent, where one is to convey, and the other, at the same time, to pay the purchase price; neither can put the other in default

except by tendering a performance on his part, unless the other party waives the tender, or by his conduct renders it unnecessary." (*Englander* v. *Rogers*, 41 Cal. 420.)

To the same effect are *Hill* v. *Grigsby*, 35 Cal. 661; *Barron* v. *Frink*, 30 Cal. 488.

Conceding the title to be defective, and conceding the allegation of plaintiff's complaint to be true, by reason of the insufficiency of the defendant's denial thereof, to wit, "that plaintiff has done and performed all the conditions and terms of the contract on his part to be done and performed," yet, in addition to these facts, he must prove that defendant has made default in the performance of some of the conditions upon his part to be performed; and we look in vain, either in allegation or proof, for anything alleging or showing neglect or refusal to perform such conditions upon his part.

The defendant not being in default, the plaintiff has shown no ground upon which to base a rescission of the contract.

The contract was a valid, binding contract, and it was only requisite that it should be signed by the party to be charged. (*Cavanaugh* v. *Casselman*, 88 Cal. 543.)

For the foregoing reasons, let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.