[No. 13519.   Department Two. — November 21, 1891.]

## A. P. ANDERSON, APPELLANT, *v.* I. STRASSBURGER, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — RESCISSION — RETURN OF DEPOSIT — EQUITY OF VENDOR — DELAY IN PROCURING TITLE. — Where at the date of a contract of purchase which provides that ten days are allowed for examination of title and completion of purchase, and that the title is to prove satisfactory or a deposit made is to be refunded, it appears that the legal title to the property is in another, from whom the vendor is entitled to receive a conveyance upon payment of a balance of purchase-money, and such fact is known to the purchaser, he cannot rescind the contract and recover the deposit merely because the vendor did not acquire the title until more than ten days after the date of the contract of purchase.

ID. — NOTICE FROM PURCHASER — OFFER TO PERFORM — REASONABLE TIME TO COMPLETE TITLE. — In such case, the purchaser must give notice of his approval of the title if satisfactory, or of his objections to the title if not approved; and the vendor is entitled to a reasonable time after such notice in which to perfect his title, or to remedy any defects therein, and not until the giving of such notice, and an offer to perform

the contract on the purchaser's part upon receiving a perfect title, and the refusal of the defendant thereafter to convey as agreed, would the purchaser have a right to rescind the agreement, and recover the amount paid thereon. ·

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. T. Rogers*, and *Barclay Henley*, for Appellant.

If at the time of sale the seller has no title, the buyer may rescind, and recover the deposit. (*Sanders* v. *Lansing*, 70 Cal. 429.) The vendor must be prepared to make a good title on the day when the title is to become completed. (*Bank of Columbia* v. *Hagner*, 1 Pet. 466.) The contract was at an end at the expiration of the ten days, and there was no forfeiture of the deposit, which must be returned. (*Benson* v. *Shotwell*, 87 Cal. 53; *Cleary* v. *Folger*, 84 Cal. 321; 18 Am. St. Rep. 187; *Woodruff* v. *S. L. & W. Co.*, 87 Cal. 275; *Stratton* v. *Cal. L. Co.*, 86 Cal. 361; *Drew* v. *Pedlar*, 87 Cal. 452.)

*E. F. Preston*, for Respondent.

Defendant had a perfect equity, of which plaintiff was aware. Plaintiff abandoned the transaction. Defendant is willing to complete the contract, and plaintiff cannot rescind it.

DE HAVEN, J.— This action is to recover five hundred dollars, received by defendant from plaintiff "as a deposit and in part payment" for a block of land in the city of San Francisco, which plaintiff agreed to purchase from defendant. The contract contained the following stipulations: " Title to prove satisfactory, or the money to be refunded. . . . . Ten days allowed for examination of title and completion of purchase."

The court below found, among other things, that at the date of the contract the title to the property agreed to be sold was in the defendant, and was a satisfactory

title, and that the plaintiff was not, during the ten days named in the contract, nor at any other time, ready or willing to pay the remainder of the purchase price, and that immediately after making the contract he left San Francisco, where the contract was made, and where the defendant kept a business office, "and during all of said ten days thereafter the plaintiff avoided the defendant, for the purpose of preventing and defeating the completion of said contract, and a tender of a deed to him by defendant in pursuance of said contract."

Upon these findings, judgment was entered for the defendant, and the plaintiff appeals.

The findings are sufficient to support the judgment, and the evidence sustains the findings. It appears that at the date of the contract the legal title to the property which plaintiff thereby agreed to purchase was in one Lees, the defendant being entitled, by contract with Lees, to a conveyance of the same at any time upon the payment of a certain balance upon the purchase price. This fact was known to plaintiff at the time when he made the purchase. The defendant did not in fact acquire the legal title to the property he agreed to sell plaintiff until more than ten days after the date of plaintiff's contract to purchase, and because of this fact, plaintiff claims the right to rescind the contract and recover his deposit; but we do not think he has such right. The title was at all times potentially in the defendant, and he was not in default simply because no formal conveyance was made to him by his grantor within the time allowed plaintiff for examination of the title, nor was there any necessity for him to acquire such title in order to carry out his agreement, until plaintiff notified him that he was ready to complete the contract upon his part. The plaintiff was allowed ten days within which to examine the title, and the agreement, in view of all the facts surrounding the parties at the time it was made, contemplated that defendant should receive notice of the approval of the title he was to obtain from Lees, or if not approved as satisfactory, that he should be informed

of any objection which after such examination plaintiff might have to the same, and he was entitled to a reasonable time thereafter within which to perfect his title or remedy any defects discovered by plaintiff; and not until plaintiff gave such notice and offered to fully perform the contract on his part upon receiving a perfect title, and the refusal of defendant thereafter to convey in accordance with the terms of his agreement, would plaintiff have the right to rescind the agreement and recover the amount paid by him thereon. These views are fully sustained by the cases of *Englander* v. *Rogers*, 41 Cal. 420, *Dennis* v. *Strassburger*, 89 Cal. 583, and *Easton* v. *Montgomery*, 90 Cal. 307, and are decisive of all questions involved in this appeal.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.