[S. F. No. 5877. Department Two.—January 6, 1913.]·

HOSEA PRENTICE, Appellant, v. CHARLES ERSKINE, Respondent.

VENDOR AND VENDEE—DEFECTIVE TITLE OF VENDOR—VENDEE CANNOT COMPLAIN OF DEFECT PRIOR TO TIME OF PERFORMANCE—GENERAL RULE.—The general rule obtaining in this state, that a defaulting vendee under an agreement of sale of land cannot complain because at a time prior to the maturity of the contract and the date fixed thereby for the delivery of a good and sufficient deed, the vendor was not in a position to convey full title to the land, is a harsh one and should not be unduly extended.

ID.—TITLE INCURABLY DEFECTIVE—EXISTENCE OF PUBLIC ROAD OVER LAND—DEFAULT OF VENDOR—RESCISSION BY VENDEE.—A vendor under an executory contract for the sale of land, the title to which at the time of the execution of the contract was incurably defective by any ordinary method of business negotiation, owing to the existence of a perpetual right of way for a public road over the land, is himself in default under the contract, and such default entitles the vendee to rescind the contract at any time, even though the time for final payment of the purchase price has not arrived, and to recover the part payments made under the contract.

ID.—BOTH PARTIES IN DEFAULT—DEMAND AND SURRENDER OF POSSES-
SION—RESCISSION.—Where both parties to such a contract were in
default, their conduct, the vendor demanding and the vendee sur-
rendering the possession of the premises, amounted to a rescission
of the contract. By taking back the possession, the vendor waived
his right to insist upon further payments under the contract, and
notes of the vendee evidencing payments to be made in the future
were properly canceled.

APPEAL from a judgment of the Superior Court of
Fresno County and from an order refusing a new trial. H.
Z. Austin, Judge.

The facts are stated in the opinion of the court.

M. K. Harris, and L. B. Hayhurst, for Appellant.

W. F. Crist, F. W. Von Schrader, and L. L. Cory, for Re-
spondent.

MELVIN, J.—The plaintiff appeals from a judgment in
favor of defendant and from an order denying said plain-
tiff's motion for a new trial. The parties to the action en-
tered into a written agreement whereby plaintiff covenanted
to sell and defendant to buy certain real property for six
thousand five hundred dollars. Of this the sum of five hun-
dred dollars was paid on the execution of the contract, and
subsequently a mortgage on the property of one thousand
dollars was paid by defendant, and that amount was duly
credited. Subsequent payments were to be made annually,
and defendant also agreed to pay taxes and interest and to
cultivate the land properly. Defendant entered into posses-
sion of the premises under the terms of the agreement im-
mediately upon the execution thereof. According to the con-
tract of sale, defendant's failure to comply with any of the
terms thereof would relieve plaintiff from all obligations in
law and equity to convey the property, and all payments
made prior to such default were to be forfeited as liquidated
damages. Defendant failed to pay the taxes and the first
annual installment of one thousand dollars with interest, and,
upon written demand of the vendor, surrendered the prem-
ises to him. Plaintiff then sued to quiet his title. By his

answer defendant asserted that the contract had been mutually abandoned and rescinded by the parties, and that plaintiff was himself in default under the agreement, because he was unable to convey clear title to the land in question owing to the existence of a perpetual right of way for a public road over said land, to an easement for an irrigating ditch across the property, and to the lien arising from a contract for the payment annually for water to be used on the premises. He asked for judgment for the one thousand five hundred dollars which he had paid to plaintiff on account of the contract of sale with interest thereon, and for four hundred dollars, the value of the necessary improvements on the place made by him during his occupancy thereof. The court, although finding that defendant had failed to pay taxes, interest, and installments according to the terms of the contract, found also that plaintiff was in default because, owing to the encumbrances on the land, he could not, either at the time of the making of the agreement or sale, or at the date of the commencement of this action, give a perfect title to the land. Judgment was given in favor of defendant for the one thousand five hundred dollars which he had paid, with interest thereon. It was found by the court that defendant had expened four hundred dollars for necessary improvements as alleged in his pleading, but that this amount was offset by the reasonable rental value of the land during his occupancy thereof. The judgment also provided for the cancellation of five promissory notes by defendant given in favor of plaintiff, each for one thousand dollars, payable in five equal annual sums respectively, and evidencing the deferred payments set forth and described in the contract of sale. Appellant contends that in the matter of the asserted rescission there is no essential difference between this case and *Oursler* v. *Thatcher,* 152 Cal. 740, [93 Pac. 1007]. In that case, as in this, there was a default on the part of the vendees in the performance of the conditions of the contract. There, as here, upon demand the vendees surrendered possession of the premises. It was held that these facts, together with the commencement of an action to quiet the title of the vendors, did not constitute a rescission of the contract by the mutual consent of the parties, and the vendees were properly denied judgment on their cross-complaint for the money paid as a

part of the purchase price prior to their default. Respondent denies the authority of that case because there was no question in it with reference to the sufficiency of the title of the vendors. He asserts that it has long been settled law in California that one may contract to sell real property and to deliver title at a future time who has no present interest in it; and *a fortiori* one who owns real property subject to certain encumbrances may enter into such an agreement. In this case, admittedly, Prentice did not own the land free from all encumbrances at the date of the agreement of sale, because that instrument by its very terms provided for the future payment of an existing mortgage, and Erskine obligated himself "to pay all water assessments on the water-right covering said premises." In California it is the general rule that a defaulting vendee under an agreement of sale cannot complain because at a time prior to the maturity of the contract and the date fixed thereby for the delivery of a good and sufficient deed, the vendor was not in a position to convey full title to the land. (*Joyce* v. *Shafer,* 97 Cal. 336, [32 Pac. 320]. See, also, *Backman* v. *Park,* 157 Cal. 607, [137 Am. St. Rep. 153, 108 Pac. 686], and authorities there cited.) It is a harsh rule and should not be unduly extended. If the only encumbrances upon the property were the easement for the irrigating ditch and the lien for the water-tax, we might be constrained to hold, under the authorities, that the case would fall within the rule discussed above, but as one of the defects in the vendor's title arose from the existence of a public servitude, we must conclude that plaintiff was himself in default, because that is the sort of cloud which in the nature of things he could not remove by any ordinary method of business negotiation. It would not be like a mortgage, for example, which might be extinguished by payment of the debt thereby secured, or like a lien for unpaid water rent which might be destroyed by settlement of the account. He could not either by adverse possession or by purchase take from the public the right to pass over the land on a dedicated highway. He was as completely helpless and hopeless of conveying a perfect title at any time as if the whole tract had been taken for use as a public park. The vendee might have rescinded the contract at any time even though the time for final payment had not arrived because

CLXIV. Cal.—29

.the vendor, in the nature of things, never could offer a perfect title to him. While this case differs from *Burks* v. *Davies,* 85 Cal. 110, [20 Am. St. Rep. 213, 24 Pac. 213], because in that case the vendee had the right to exercise his option at any time, and therefore the vendor was bound to be ready at all times during the life of the contract to convey an unclouded title, nevertheless the rule there announced is applicable, and the vendee was at all times entitled to rescind because there was no more chance to make the vendor's title complete and flawless at the maturity of the contract than at any other time. In *Koshland* v. *Spring,* 116 Cal. 700, [48 Pac. 62], it was said: "Since defendants were in express terms obligated to make good title as a condition of the sale, we do not concede that actual knowledge by the purchasers of dedication to public use of the extensive street surface exhibited on the map—the tract being mainly or largely agricultural and to be sold as acreage—could be deemed, while the contract remained executory, to imply a waiver of substantial fulfillment of the condition for title. (Sugden on Vendors, *p. 390; *Speakman* v. *Forepaugh,* 44 Pa. St. 363, 374; compare Devlin on Deeds, secs. 911, 913 and cases cited.) . . . So here, the reasonable construction of the contract is that defendants, the map before them, agree to make title to plaintiffs of unconveyed streets as well as lots; but it is found that there are at least grave doubts whether they have right to convey many of the streets; and the result is that they cannot enforce specific performance of the contract, and plaintiffs are entitled to return of their deposit.'' Vendee's right to rescission under such circumstances is upheld by such authorities as *Turner* v. *McDonald,* 76 Cal. 177, [9 Am. St. Rep. 189, 18 Pac. 262] ; *Sheehy* v. *Miles,* 93 Cal. 288, [28 Pac. 1046] ; *Wilcox* v. *Lattin,* 93 Cal. 588, [29 Pac. 226] ; *Easton* v. *Montgomery,* 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac. 280] ; *Boas* v. *Farrington,* 85 Cal. 535, [24 Pac. 787] ; *Peckham* v. *Stewart,* 97 Cal. 147, [31 Pac. 928]. The conduct of the parties, both being in default, the one demanding and the other surrendering the possession of the premises, amounted to a rescission of the contract.

By taking back the possession of the property, plaintiff, of course, waived his right to insist upon further payments under the agreement of sale. Consequently the notes evi-

dencing payments to be made in the future execution of that agreement were properly shorn by the court of their apparent efficacy.

No other specifications of alleged error require comment. The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.