[Civ. No. 7709.   First Appellate District, Division Two.—January 6, 1931.]

SUSAN SALLING HAWES, Respondent, v. JOHN LUX et al., Appellants.

Laughlin & Laughlin, H. Sidney Laughlin and Charles A. Clark for Appellants.

Frankley & Spray and Armand H. Blum for Respondent.

SPENCE, J.—Plaintiff brought an action for money had and received seeking to recover the sum of $7,000 paid to defendants as a deposit on the purchase price of certain real property. Trial was had before the court sitting without a jury. From a judgment in favor of plaintiff, defendants appeal.

The property involved consisted of a dwelling-house in Beverly Hills owned by defendants. The purchase price was $68,100. Plaintiff paid to defendants a deposit of $7,000 and agreed to take the property subject to a mortgage of $17,000 and to pay the balance of $44,100 within ninety days after May 14, 1926. Thereafter plaintiff abandoned the contract and made no tender of the balance of the purchase price. While on a trip to Wisconsin during the ninety-day period plaintiff wrote two letters to defendants' real estate agent. In the first letter written July 15, 1926, she said, "Have decided not to complete deal on home at 906 Bedford Drive and have written Security Trust Co. to that effect. Prefer to lose the 7000 paid Mr. Lux and pass the deal. Find I cannot use house at present." Apparently in response to a letter from the agent, she again wrote on August 11th, as follows: "No—my letter was final —I find it isn't sensible for me to buy a home without an elevator as the stair-climbing is too much for me. . . . I am sorry to lose $7000.00 but I can better afford to do that. . . . " Nothing further was done until plaintiff demanded the return of the $7,000 in January, 1927. Defend-

ants refused to return the deposit and plaintiff brought this action.

Upon the trial plaintiff disclosed that she was claiming the return of the deposit on the theory of a failure of consideration. In support of this claim evidence was introduced showing that there were certain conditions and restrictions of record contained in a deed to one of the defendants' predecessors in interest. These conditions and restrictions were similar to those frequently found on property in residence districts. Plaintiff frankly conceded that at the time of the transaction she did not give any consideration to the question of restrictions and in fact did not know that there were any restrictions on the property until after this action was filed. This was many months after she had abandoned the contract and after the ninety-day period had expired. It is equally frankly conceded by counsel for plaintiff that in attempting to recover the deposit money plaintiff "is standing on technical rights".

In order to determine the respective rights of the parties we will proceed to a consideration of their agreement. Two instruments relating to this transaction were signed by the parties consisting of a deposit receipt dated May 14, 1926, and escrow instructions dated May 18, 1926. These instruments are of some length. The first covers three pages and the second covers nine pages of the transcript. Both provided for the payment of the purchase price in the manner above set forth. Each contained many terms not contained in the other. In the deposit receipt no reference was made to conditions and restrictions. It provided for the payment of the balance of the purchase price within ninety days "into escrow". The escrow instructions made no reference to the deposit receipt but provided among other things that the balance of the purchase money should be used to carry out the escrow provided instruments had been filed enabling the escrow-holder to procure a guarantee of title showing title vested in plaintiff free of encumbrances except " . . . Conditions, restrictions, reservations, rights, rights of way and easements, now of record, if any; . . . "

It is the contention of appellants that these two instruments signed by the parties should be construed together and so construed, the agreement of the parties was for the

purchase of the property subject to conditions and restrictions of record. We believe this contention must be sustained. (Civ. Code, sec. 1642.) The general rule referred to is supported by an abundance of authority and is well summarized in 6 California Jurisprudence, 298, as follows: "As a general rule, when several papers concerning one subject matter are separately executed by the same parties, all are to be construed together as one contract. The intention of the parties is to be gathered from all the instruments, taken together, and the recitals in each may be explained or corrected by reference to any other. This rule is adopted as part of the statute law by the provisions of the Civil Code, section 1642. 'Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.' The several contracts must be so construed as to give effect, as far as practicable, to every part of each instrument. This is true although two contracts are made at different times, providing the later is not intended to entirely supersede the first, but only modifies it in certain particulars. The two are to be construed as parts of one contract, the later superseding the earlier one wherever it is inconsistent therewith."

In an effort to defeat the effect of the exception in the escrow instructions relating to conditions and restrictions, respondent relies upon *Zlozower* v. *Lindenbaum*, 100 Cal. App. 766 [281 Pac. 102], and *Morgan* v. *Dibble*, 43 Cal. App. 116 [184 Pac. 704]. The facts in those cases differ essentially from the facts in the present case and it is sufficient to point out that in neither of the cases were the escrow instructions signed by both parties during the time provided for the consummation of the sale.

It is further contended by appellants that the motion for nonsuit should have been granted even though the deposit receipt alone is construed as the agreement between the parties. We are of the opinion that this contention must likewise be sustained as respondent showed neither a tender nor excuse for her failure to tender the balance of the purchase price. The deposit receipt provided for the retention by appellants of the amount paid in the event of the failure of respondent to pay the balance, but even in the

absence of such express provision it is well settled that the seller is entitled to retain the payments made prior to the unexcused default of the purchaser. (*Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327] ; *Glock* v. *Howard,* 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713] ; 25 Cal. Jur. 797.) ■ Respondent attempts to excuse her default on the ground that the conditions and restrictions constituted a defect in the title which could not be removed, citing *Prentice* v. *Erskine,* 164 Cal. 446 [129 Pac. 585], and *Whelan* v. *Rossiter,* 1 Cal. App. 701 [82 Pac. 1082]. We find no evidence to sustain respondent's position. So far as the record discloses these conditions and restrictions might have been removed by quitclaim as was done in *Berryman* v. *Hotel Savoy Co.,* 160 Cal. 559 [37 L. R. A. (N. S.) 5, 117 Pac. 677]. Neither of the cases cited by respondent is in point. In *Prentice* v. *Erskine, supra,* the title was defective by reason of a perpetual right of way for a public road which defect, as pointed out by the court, could not be removed by purchase or any ordinary method of business negotiation. In *Whelan* v. *Rossiter, supra,* the seller, when called upon to remove the restrictions and encumbrances, stated that he could not do so. ■ In the present case respondent simply changed her mind, abandoned her agreement and made no tender of the balance of the purchase price. By reason of respondent's abandonment of the contract appellants were never called upon to perform and were never in default. Respondent's default was not excused by reason of the alleged defective title of appellants at the time the agreement was made and she was not entitled to recover back the deposit money. (*Backman* v. *Park,* 157 Cal. 607 [137 Am. St. Rep. 153, 108 Pac. 686] ; *Hanson* v. *Fox,* 155 Cal. 106 [132 Am. St. Rep. 72, 20 L. R. A. (N. S.) 338, 99 Pac. 489] ; *Joyce* v. *Shafer,* 97 Cal. 335 [32 Pac. 320] ; *Easton* v. *Montgomery,* 90 Cal. 308 [25 Am. St. Rep. 123, 27 Pac. 280].)

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1931, and a

petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1931.