[Civ. No. 416. Fourth Appellate District.—September 24, 1931.]

R. L. TATUM, Appellant, v. ADOLPH LEVI et al., Respondents.

Stearns, Luce & Forward for Appellant.

A. T. Procopio for Respondents.

FINNEY, J., *pro tem.*—The plaintiff in this action brought suit against the defendants for the specific performance of an

option contract for the sale of real estate, with an alternative prayer for damages for violation of the contract. The defendant Adolph Levi filed a cross-complaint on the fifteenth day of May, 1928, alleging that the option contract was a contract for purchase and sale and that the cross-complainant offered on the sixth day of April, 1928, to convey the property to the plaintiff, but that the plaintiff refused to accept the offer, and prayed for the specific performance of the option agreement. Thereafter, permission of the court having been duly obtained, the plaintiff filed an amended complaint against the defendants for the recovery of $5,000 which was the deposit made by plaintiff's assignor at the time of the execution of the option contract. It was alleged in the amended complaint, as well as in the original complaint, that the defendants had failed to perform the terms and conditions of the option contract and that the plaintiff was therefore entitled to a return to him of the deposit made by his assignor. After a trial before the court without a jury, judgment was rendered by the trial court in favor of the defendants, denying the plaintiff all relief. From this judgment the plaintiff has appealed. On the sixth day of February, 1928, W. C. Zinkand entered into an option agreement with Adolph Levi, the material parts of which are as follows:

"Received of W. C. Zinkand, this 6th day of February, 1928, the sum of Five Thousand Dollars ($5,000.00) for an option to purchase Pueblo Lots 1225, 1226, 1239, and the West One Half of 1223, in the City of San Diego, County of San Diego, State of California . . . for the term of sixty days from date.

"Upon the exercising of this option, said Five Thousand Dollars ($5000.00) to apply on purchase price of One Hundred twelve thousand five hundred dollars ($112,500.00) and shall be deducted from the first payment of twenty-eight thousand one hundred twenty-five dollars ($28,125.00) and the balance of the purchase price, to-wit: Eighty-four thousand three seventy-five dollars ($84,375.00) to be evidenced by three (3) promissory notes each in the sum of twenty-eight thousand one hundred twenty-five dollars ($28,125.00) payable on or before one, two and three years after date of issuance of certificate of title, to Adolph Levi, with interest at six per cent (6%) per annum, payable

quarterly, which said notes shall be secured by mortgage on said property; . . .

"Said property having this day been deeded to the Southern Title and Trust Company of San Diego, with instructions to convey said property to said W. C. Zinkand or his assigns, and accept said notes and mortgage payable to Adolph Levi; title to said property to be clear and marketable; said Southern Title and Trust Company to issue its unlimited certificate of guarantee of title showing said premises in fee simple, free and clear of all encumbrances except such taxes as have become a lien since December 31, 1927; . . .

"It is mutually agreed that should one R. C. Cushing make claim to or establish any right to said property, by virtue of or under an option dated November 21, 1927, the undersigned, Adolph Levi, shall have the right to terminate this option and cancel this agreement and demand a reconveyance of said property, upon returning to said W. C. Zinkand any and all moneys paid hereunder, without interest. Said Adolph Levi agreeing to defend and determine any claim made by said Cushing as speedily as possible.

"Time being of the essence of this contract and of all conditions and time therein contained should the said Zinkand, his heirs, or assigns, fail to perform in full compliance with this option then the said W. C. Zinkand, his heirs, or assigns, waive any and all rights hereunder and forever quit claim any claims whatsoever to Adolph Levi, his heirs or assigns, and the undersigned, Adolph Levi, shall retain any and all payments made hereunder as and for ascertained and liquidated damages, it being agreed that it would be impracticable and extremely difficult to fix the actual damages that would be sustained by said Adolph Levi. . . . "

The $5,000 was duly paid by Zinkand to Levi and Zinkand immediately assigned his interest in the contract to one E. L. Leavitt, who thereafter, and before the expiration of the option, assigned the contract to R. L. Tatum, plaintiff and appellant herein. Previous to the execution of the contract with Zinkand, and on the twenty-first day of November, 1927, Adolph Levi and Edgar B. Levi had entered into a contract with Richard C. Cushing for the sale of the same property for the sum of $80,000. On February 1, 1928, an

interest payment fell due under the terms of the Cushing contract, and Levi immediately claimed that Cushing was in default under that contract, by failure to make that payment of interest, and informed Zinkand that Cushing had no further rights under the contract and that all of Cushing's rights had been forfeited. Meanwhile, Cushing had tendered payment of the interest on the sixth day of February, 1930, which tender had been refused by Levi. On the fourteenth day of February, 1928, Cushing filed suit against Levi for specific performance of the contract of November 21, 1927, with an alternative prayer for damages for its breach, and on the same day recorded a *lis pendens* on the property involved in that contract, being the same property described in the contract in this suit.

Prior to the commencement of his suit on April 13, 1928, neither the plaintiff Tatum, nor his assignors, had made any tender of performance under the option, or given notice of cancellation thereof, to the defendant Levi or anyone acting for him. And no tender to plaintiff, or his assignors, of any deed or certificate of title, under the terms of the option, was ever made by the defendant Levi or his agents, until June 6, 1929, more than a year after the expiration of the sixty-day period named in the option.

On the twenty-fifth day of April, 1929, judgment was rendered in the case of *Cushing* v. *Levi,* adjudging that the contract between Cushing and Levi, entered into on November 21, 1927, "be and hereby is declared void and unenforceable", and that the plaintiff, Richard C. Cushing, recover $11,000 from the defendants therein, and, in the same judgment, it was further adjudged "that the defendants and the intervener, Eleanor Levi, are the owners in fee of the tract of land described in the complaint herein and the claims of the plaintiff herein, and of all persons claiming or to claim said premises or any part thereof, or any interest therein, through or under said plaintiff, are hereby adjudged to be groundless, and that the title to said land be quieted against all claims, demands or pretensions of the plaintiff".

The findings and judgment in that case indicate that Mrs. Eleanor Levi, the wife of Adolph Levi, intervened in the suit and that the court was unable to decree specific performance of the contract with Cushing because of the fact that Mrs. Levi did not sign the contract of sale and there-

fore had not consented to a conveyance of her community interest in the property, and that therefore the court could not specifically enforce the contract, but could merely award damages for its breach.

On the seventh day of May, 1929, a notice of intention to move for a new trial in the case of *Cushing* v. *Levi* was filed, and late in June an order was made denying the motion for a new trial, and on July 1, 1929, a notice of appeal was filed by the defendant Adolph Levi. This notice of appeal gave notice that the defendant appealed to the Supreme Court of the state of California from the judgment rendered in the case of *Cushing* v. *Levi* and "from the whole thereof", and such appeal is still pending and undetermined. A stay bond was filed and the execution of the judgment thereby stayed. Neither the intervener, Eleanor Levi, nor the plaintiff Cushing, has appealed from any part of the judgment and the time within which either may appeal has long since expired.

In addition to the foregoing facts, the court found, among other things, that on February 6, 1928, and before the option agreement was executed, the defendant Adolph Levi, conveyed the property described in the option, in trust, to the defendant Southern Title & Trust Company, with instructions to said company, signed by Levi and Zinkand, wherein the terms of the option were recited and it was provided among other things, that if the said Zinkand or his assigns comply with the terms of the option within the time specified "then you are to deliver to the said W. C. Zinkand, or his assigns, a deed for said property" and in said instructions it was further stated, "it has been agreed that a clear and marketable title should be delivered to the said Zinkand, or his assigns and that the Southern Title & Trust Company should issue its unlimited certificate of guarantee of title showing said premises in fee simple, free and clear of all encumbrances except such taxes as have become a lien since December 31, 1927". It was also found by the court, in effect, in finding No. XII, that on June 6, 1929, the defendant, Adolph Levi, duly caused a good and sufficient deed, conveying marketable title to the said property, to be tendered to R. L. Tatum, plaintiff herein, "together with a certificate of title (and) policy of insurance, which had been duly

executed by the Southern Title & Trust Company, all of which the plaintiff refused to accept".

1. The right of the plaintiff to maintain this action is questioned by the respondent, on the ground that the right to recover a deposit made by the optionee upon an unexecuted option agreement to sell real estate, does not pass by assignment of the option to the assignor. This exact contention has been passed upon in the decisions of our courts, wherein it is held, as it must be here, that when an optionee assigns the option without any reservation, he assigns all benefits under it, including the benefit of all payments made upon it by himself, and in case of a breach of the option by the optionor, the assignee is entitled to recover the moneys paid on the option. (*National Pac. Oil Co.* v. *Watson,* 184 Cal. 216 [193 Pac. 133]; *Latimer* v. *Capay Valley Lbr. Co.,* 137 Cal. 286 [70 Pac. 82].) Equally untenable is respondent's contention that the plaintiff cannot maintain this action because no tender of performance was made, or notice of rescission given by the plaintiff, before this action was commenced. This question must be decided upon the theory presented by the pleadings in which it was assumed that performance on the part of the defendant Levi was due at the expiration of the sixty-day period, named in the option, which period had expired when this suit was brought. It also appears that during the period mentioned, and for an indefinite time thereafter, the defendant Levi could not, on account of the Cushing claims, deliver a marketable title to the premises in controversy. Under such circumstances, tender of performance or notice of rescission, on the part of the plaintiff, would have been an idle act and was unnecessary. In fact, it is a general rule, where, under the terms of an unexecuted option agreement to sell real estate, the time has arrived for performance on the part of the vendor, and he is unable to perform as required by the option, the optionee or his assignee may bring suit to recover the deposit thereon, without tendering performance or rescinding the contract. (25 Cal. Jur. 531; *Burks* v. *Davies,* 85 Cal. 110 [20 Am. St. Rep. 213, 24 Pac. 613]; *Gwin* v. *Calegaris,* 139 Cal. 384, 390 [73 Pac. 851]; *Prentice* v. *Erskine,* 164 Cal. 446, 449 [129 Pac. 585]; *Milton Realty Co.* v. *Butterfield,* 87 Cal. App. 772 [262 Pac. 419]; *Carter* v. *Fox,* 11 Cal. App. 67, 70 [103 Pac. 910]; *Walker*

v. *Harbor Business Blocks Co.*, 181 Cal. 773, 778 [186 Pac. 356]; *Hooe* v. *O'Callaghan*, 10 Cal. App. 567, 571 [103 Pac. 175]; *Richter* v. *Union Land etc. Co.*, 129 Cal. 367, 373 [62 Pac. 39]; *San Diego Const. Co.* v. *Mannix*, 175 Cal. 548 [166 Pac. 325].)

■ 2. It must be conceded, upon the findings of the court, that, because of the Cushing claims, Adolph Levi was not able to deliver a marketable title to the premises in question, or as called for by the option and in the instructions to the Southern Title & Trust Company, at any time, if at all, prior to April 26, 1929, the date of the entry of judgment in *Cushing* v. *Levi*, and more than one year after the expiration of the sixty-day period named in the option agreement. This suit, on recording of the *lis pendens* therein, clouded the latter's title to said premises and made it unmarketable. The plaintiff Tatum, who was the owner and holder of the option by assignment, could not, during the sixty-day period named in the option, or at any time thereafter, until the entry of said judgment, if at all, have been compelled to accept title from Adolph Levi, because of this cloud.

■ Prior to the commencement of this suit, on April 13, 1928, Tatum had made no offer of performance under the option nor served any notice of cancellation thereof on the defendant Levi. On the contrary, on April 13, 1928, he brought this suit affirming, and asking specific performance of, his option. This option, in the fourth paragraph, states that it is mutually agreed that if Cushing should "make any claim to or establish any right to said property" under his option dated November 21, 1927, Adolph Levi shall have the right to terminate the option held by plaintiff, upon returning to the optionee the amount paid by him thereunder, and continues as follows: "Said Adolph Levi agreeing to defend and determine any claim made by said Cushing as speedily as possible." When the option in the case at bar was signed by Levi, the optionee knew of the existence of the prior option given by Levi to Cushing and knew that Cushing might make a claim or institute an action which would cloud Levi's title to the property in question and, with this in mind, it was agreed between the parties that Levi should "defend" against and "determine any claim made by Cushing as speedily

as possible''. ''As speedily as possible'', means within a reasonable time or without unreasonable delay, having due regard to all the circumstances of the case and the things to be done. (1 Words & Phrases, First Ser., p. 529.) In other words, Levi was to have a reasonable time within which to perform, that is to defend against and determine, in the courts if necessary, any claim made by Cushing upon the property and thus, to clear his title thereto, and during such time, neither the optionee, nor his assignee, can rescind for failure of title, or maintain any action against the optionor for the recovery of the deposit on the option. (*Anderson* v. *Strassburger,* 92 Cal. 38 [27 Pac. 1095]; *Easton* v. *Montgomery,* 90 Cal. 307 [25 Am. St. Rep. 123, 27 Pac. 280]; *Dennis* v. *Strassburger,* 89 Cal. 583 [26 Pac. 1070].)

3. What has been done in the matter of clearing Levi's title of the Cushing claims is shown in the findings, from which it appears that, on April 25, 1929, in *Cushing* v. *Levi,* judgment was entered declaring that Cushing had no claim against the land in question and that he had taken no appeal from such judgment. It has also been stipulated in the record that Levi has acted as speedily as possible in bringing about this determination of the Cushings' claims. It appears, therefore, from the terms of the option agreement, as we have interpreted it, and from the undisputed evidence in this case, that the defendant Levi was not in default, either for his failure to deliver to the plaintiff a deed conveying a marketable title to the premises in question, before this suit was commenced, or for any delay in his efforts to clear his title of the Cushing claims. On the contrary, it is undisputed that the defendant Levi has acted with reasonable diligence in disposing of those claims and in preparing himself to deliver to the plaintiff a deed conveying a marketable title to the lands, as required under the terms of the option. And such a deed, the respondent contends, and the court has found, was duly tendered to plaintiff by the defendant Levi, on June 6, 1929. This finding, however, is challenged by the appellant, on the ground that it is not supported by the evidence. In fact, the appellant contends, it conclusively appears from the evidence, that the Cushing claims have not been disposed of by a final judgment, and it is pointed out, and must be conceded, that the

judgment in *Cushing* v. *Levi,* which purports to dispose of these claims, has been appealed from by the defendant Levi, and that such appeal, so far as the record shows, is still pending and undetermined, in the Supreme Court of the state of California.  The judgment in *Cushing* v. *Levi* has been received in evidence in this case and recites that the title to the land involved in that suit—being the same land involved—was "quieted against all claims, demands or pretentions" of the said Cushing and such judgment was offered and received in evidence, in the case at bar, for the purpose of proving the same identical facts as those recited in the judgment itself, which facts were at issue in this case.  It is a well-established rule that a judgment, in order to be admissible in evidence for the purpose of proving facts therein found or recited, must be a final judgment in the cause, and if the action in which the judgment was rendered is still pending, necessarily the judgment is not final.  (2 Cal. Jur. 412, 413; *Baker* v. *Eilers Music Co.,* 175 Cal. 652, 655 [166 Pac. 1006]; *Lincoln* v. *Superior Court,* 95 Cal. App. 35 [271 Pac. 1107].)  There is no escape, therefore, from the conclusion that the judgment in *Cushing* v. *Levi* was not final, and consequently, that it was not admissible in evidence in this case for the purpose of proving either that the Cushing claims had been finally disposed of, or that Levi's title to the property in question had been rendered marketable thereby, while the operation of the judgment was suspended by appeal.  In fact, the judgment was not admissible in evidence for any purpose, material to this cause, except to show that such a judgment had been rendered and that Levi had moved with diligence in procuring it. As there was no other evidence in the case tending in any way to show that the Cushing claims had been finally disposed of, the contentions of the appellant, as above indicated, must be sustained.

However, the conclusion that finding No. XII is not supported by the evidence, does not, in our opinion, require a reversal in this case.  The option agreement sued upon in this case has been introduced in evidence and incorporated in the findings of the court, and is before us for interpretation.  As pointed out above, we have held that, by the terms of the option agreement, the defendant Levi had a reasonable time within which to perfect his title

against the Cushing claims. It also appears, from the undisputed evidence in this case, as we have indicated above, that the litigation between Cushing and Levi, which involved the Cushing claims and resulted in the judgment in *Cushing* v. *Levi,* had been carried on as promptly and speedily as possible. This showing of diligence, on the part of Levi, in disposing of the Cushing claims, was all that was required of him, under our interpretation of the option agreement, to defeat a recovery in this case, and that showing rests upon undisputed evidence. We think, therefore, acting under authority of section 956a of the Code of Civil Procedure that we should amend the findings of fact and conclusions of law so as to conform with the evidence and the law in this case and that such amendments should be made as follows, to wit:

First, by adding to finding No. II, as to the last paragraph thereof, the following additional finding of fact, to wit:

"That under and by virtue of the terms of said option agreement, the defendant Adolph Levi was given a reasonable time within which to defend his title to said premises against any and all claims of said Cushing, and to terminate and dispose of the same by proceedings in court or otherwise, as he might determine, and that all such proceedings, negotiations and litigation with the said Cushing, in that behalf, have been carried on as promptly and rapidly as possible and have resulted in the judgment in the case of *Cushing* v. *Levi,* hereinafter more particularly described."

Second, by amending finding No. XII, so as to read as follows, to wit:

"That said defendant Adolph Levi, on the 6th day of June, 1929, and before the said judgment in *Cushing* v. *Levi* had become final, caused a deed of said property to be tendered to the plaintiff herein, together with a certificate of title and policy of insurance, which had been executed by the said Southern Title & Trust Company, a corporation, which tender the plaintiff refused to accept."

Third, by striking from the conclusions of law paragraphs numbered I, II, III, IV, V, VI and VII, and all of paragraph number VIII to, but not including, the words, "That judgment be entered accordingly," and by inserting in lieu thereof the following, as conclusions of law therein, to wit:

"That the plaintiff R. L. Tatum is not entitled to take anything by this action and that the defendant Levi is entitled to recover his costs herein incurred."

And the trial court is directed to amend its findings of fact and conclusions of law accordingly. We have carefully examined the record and are of the opinion that the evidence supports the findings of fact and conclusions of law, as amended, and that they fully support the judgment rendered in this case. Therefore, the judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1931.