[Civ. No. 10750. Second Appellate District, Division One.—September 29, 1936.]

LORENA W. COOK et al., Appellants, v. P. N. SNYDER et al., Defendants; ROBERT JAMES RICHARDS, Respondent.

Walter M. Campbell, Jr., and Walter M. Campbell for Appellants.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Respondent.

DORAN, J.—This is an action for the recovery of the purchase price of real property on account of the alleged failure of the seller to convey the property. Pursuant to an agreement between them, respondent and his codefendant herein, P. N. Snyder, purchased twelve lots in a certain subdivision, to be sold later for the benefit of both parties. The purchase was made by them in the name of C. H. Gaul, who acted in the transaction as their agent and trustee, and the contract of purchase provided for payments therefor in instalments covering a period of years.

On December 13, 1927, about six months later, appellants purchased one of these lots from said P. N. Snyder, to wit, lot 45, for the contract price of $7,500, made a down payment of $1500, and under the terms of the contract of purchase agreed to pay the balance in monthly instalments. This contract was executed by Gaul as seller and by appellants as buyers.

On June 30, 1930, respondent Richards and Snyder divided their interest in the venture, whereupon Gaul, the trustee for them, assigned to each, six of the lots. In this division Snyder received the contract for the purchase by appellants of lot 45. At this time there was a balance of $2,150 unpaid on account of the purchase of lot 45 by Snyder and respondent, and at the same time there was a balance of $3,750 unpaid and due Snyder and respondent on account of the purchase from them by appellants of said lot 45. After these assignments were made, as between Snyder and respondent, Snyder had no monetary interest in the con-

tracts so assigned to respondent and likewise respondent had no monetary interest in, or connection with, the contracts so assigned to Snyder.

The negotiations for the purchase of lot 45 by appellants was solely between them and Snyder; neither Gaul nor respondent took any part in the transaction. Appellants completed the payment of the purchase price of lot 45 on August 17, 1934. Some time previous to that date Snyder had assigned appellants' contract for the purchase of lot 45 to The Vega Corporation, and had notified appellants of the assignment. On October 8, 1934, appellants notified The Vega Corporation that final payment for said lot had been made by them and requested that they be advised when they might expect a deed to the lot. Subsequently, in December, 1934, appellants made demand upon Snyder for a deed and were advised that on account of pending litigation a deed could not be delivered at that time. It also appears that Snyder and respondent had not paid for said lot 45 and therefore could make no delivery of the deed to appellants. On February 16, 1935, appellants served notice of rescission on Snyder, The Vega Corporation and Gaul, and on March 4, 1935, filed this action against Snyder, Gaul and The Vega Corporation for the recovery of the purchase price. Thereafter, on March 20, 1935, appellants, upon learning of respondent's relation to the transaction, served notice of rescission on respondent and on the same day filed an amended complaint making respondent a party defendant. No demand for a deed was made by appellants on Gaul or respondent. Five months after the action herein was filed and three days before the commencement of the trial in the court below, to wit, on August 2, 1935, a deed to said lot was obtained by Snyder and tendered to appellants, which tender was then and there rejected.

The court found that Snyder and respondent Richards were the undisclosed principals of Gaul in the original purchase of the twelve lots and in the sale of lot 45 to appellants, and that appellants had fully complied with their contract of purchase and had received no consideration therefor, in that neither of said defendants nor anyone for or on their behalf had conveyed to appellants said lot 45, nor was an offer made to so convey prior to August 2, 1935.

Judgment was entered in favor of appellants against Snyder, but all relief was denied to appellants against respondent Richards. The action against Gaul and The Vega Corporation had been dismissed by appellants during the trial.

The appeal herein is from so much of the judgment as denies relief to appellants from respondent. No appeal was taken by Snyder from the judgment against him in appellants' favor.

It is contended by respondent: ▉ First, that he was not in default for failure to deliver a deed because, over four years before appellants had completed their payments, he had transferred to his co-vendor, Snyder, all of his interest in the property and in the contract of sale, and had received no notice of compliance from appellants nor was demand made upon him for a deed; second, that appellants were guilty of laches because seven months had elapsed after the time that appellants had completed their payments on account of the purchase price and before he had received notice of the rescission. In the light of the record, both defenses are untenable.

It is contended by respondent that the following cases support the claim that demand was necessary: *Hooe* v. *O'Callaghan*, 10 Cal. App. 567 [103 Pac. 175]; *Griesemer* v. *Hammond*, 18 Cal. App. 535 [123 Pac. 818]; *Easton* v. *Montgomery*, 90 Cal. 307 [27 Pac. 280, 25 Am. St. Rep. 123]; *Shively* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 259 [33 Pac. 848]; *Garberino* v. *Roberts*, 109 Cal. 125 [41 Pac. 857]; *Hanson* v. *Fox*, 155 Cal. 106 [99 Pac. 489, 132 Am. St. Rep. 72, 20 L. R. A. (N. S.) 338]; *San Diego Construction Co.* v. *Mannix*, 175 Cal. 548 [166 Pac. 325]. None of the foregoing authorities are in point.

Respondent also relies on the authority of *North Stockton etc. Co.* v. *Fischer*, 138 Cal. 100 [70 Pac. 1082, 71 Pac. 438], wherein the court used the following expression: "The plaintiff could not put the defendant in default without demanding payment and tendering a deed; neither could defendant put plaintiff in default without tendering the amount due and demanding a deed." In support of the argument quoted, the court in the same opinion relies on *Leaird* v. *Smith*, 44 N. Y. 625, and quotes therefrom as follows: "It is impossible to perceive that either party could

complain of the other without first tendering a full performance.'' These observations are general. Moreover, it will be observed in reading the *North Stockton etc. Co.* v. *Fischer* case, *supra*, that the expression, ''neither could defendant put plaintiff in default without tendering the amount due and demanding a deed'', is clearly *obiter dictum*. In the case at bar appellant had not only tendered performance but had in fact fully performed the contract in every respect.

As an undisclosed principal, respondent's liability attaches just as definitely and effectively as if his signature appeared upon the original contract of sale. The assignment of the contract by respondent to Snyder did not release respondent from his obligation to appellants; the rights and liabilities of the parties to the contract remained the same.

■ Nor can respondent be heard to complain because he had received no notice of compliance or because no demand had been made upon him for a deed. No demand was necessary. (*Chatfield* v. *Williams*, 85 Cal 518 [24 Pac. 839] ; *Thomas* v. *Pacific Beach Co.*, 115 Cal. 136 [46 Pac. 899] ; *Van Buren* v. *Green*, 120 Cal. App. 461 [7 Pac. (2d) 1079].) Respondent was already in default and had been for months before the action was commenced. During all of the time that appellants were making payments on account of the purchase price of the lot and up until the time the action was filed, respondent's connection with the transaction had been concealed. Moreover, it appears from the evidence and from respondent's answer to plaintiff's complaint, that a demand or notice would have been futile, and the law does not require idle acts. (Sec. 3532, Civ. Code; *Hooe* v. *O'Callaghan, supra; San Diego Construction Co.* v. *Mannix, supra; Tatum* v. *Levi*, 117 Cal. App. 83 [3 Pac. (2d) 963].)

■ Respondent is hardly in a position to set up, as a defense, laches on the part of appellants when, by his own conduct, he kept appellants in ignorance of his relation to the transaction even up to and including the filing of an untruthful answer denying any connection therewith. Respondent urges that if appellants had acted promptly in giving respondent notice and in making demand for a deed, respondent could have obtained a conveyance from the bank trustee and thereby effected a substantial saving. Such claim is merely a speculative argument at the most. There is nowhere, in the briefs, the evidence or the pleadings, any

assurance that respondent *would* have done so. The courts "ordinarily take the attitude that parties should be careful about making contracts, and will not relieve them from performance for light and trivial reasons. The parties may have made an unfortunate arrangement, but when they have entered into it voluntarily, they are bound by it, in the absence of equitable grounds for avoidance. The parties must be presumed to have contracted with reference to existing conditions which are known to them. Moreover, unforeseen hardships is no excuse. Thus, where one contracts to furnish capital, a financial panic does not excuse performance. And, although there is some authority to the contrary, the general rule seems to be that the fact that compliance with his contract would involve greater expense than he anticipated will not excuse the promisor. Nor is it a defense that the law has rendered performance difficult or very expensive." (6 Cal. Jur., sec. 259, p. 434, and cases there cited.) Furthermore, respondent received his share of the benefits of appellants' purchase when the assets and proceeds of the venture between respondent and Snyder were divided, and it was respondent's duty to guard against loss resulting from a liability of which he must be charged with knowledge. There is nothing in the record that can, under the law, operate to relieve respondent of his obligations under the contract. In the absence of legal objections, it is appellants' right to have the contract performed and it is the function of the court to enforce performance unless such performance is prevented by valid reasons that intervene. Respondent and Snyder launched the venture in connection with which appellants purchased the lot in question; appellants thereafter faithfully performed their part of the agreement in every respect, and respondent and Snyder, having defaulted, are jointly and severally liable to appellants for the return of the purchase price.

The finding by the trial judge that appellants were guilty of laches as to respondent, and that each and all of the causes of action were barred by appellants' laches, is wholly and entirely unsupported by the evidence. (See *Moresco v. Foppiano et al.*, 7 Cal. (2d) 242 [60 Pac. (2d) 430].)

The judgment appealed from is reversed with direction to enter judgment against respondent as prayed. The attempted appeal from the order denying the motion to

vacate the judgment is dismissed. Such order is not appealable.

York, J., concurred.

Houser, P. J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 22, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1936.