[Civ. No. 1363.    Second Appellate District.—December 3, 1913.]

## PEATLAND REALTY COMPANY (a Corporation), Appellant, v. J. H. EDWARDS, Respondent.

SALE OF JACK—CONSTRUCTION OF CONTRACT—CONDITION PRECEDENT TO CONSUMMATION OF SALE—DEATH OF ANIMAL.—Under a contract providing that the "first party has sold unto the second parties," for a valuable consideration, a certain jack "upon the following conditions, possession of jack to pass to second parties at once. First party guarantees jack to serve mares and to get at least sixty (60%) of stock served the first year with foal. In case of

failure in either of foregoing provisions first party agrees to sur-
render to second parties their notes upon return of said jack, this
contract to be liberally construed so as to protect the rights and
interests of the parties hereto," the provision that the jack should
get sixty per cent of the mares served with foal is a condition
precedent upon the performance of which the consummation of the
sale depends; and where the jack dies within the year, without the
fault of the second parties, and fails between the time of delivery
of possession and death to get more than thirty-eight per cent of
the stock served with foal, the second parties may set up these
facts as a defense to an action on the purchase-money notes.

ID.—MEANING OF WORD "SOLD"—EXECUTORY AGREEMENT.—While the
word "sold" primarily means a consummated sale passing title,
such meaning is controlled by the context, which here clearly indi-
cates an executory agreement not intended to transfer title, except
upon the performance of the condition specified.

APPEAL from a judgment of the Superior Court of Orange
County.  Z. B. West, Judge.

The facts are stated in the opinion of the court.

B. E. Tarver, and H. C. Head, for Appellant.

E. E. Keech, and John N. Anderson, for Respondent.

SHAW, J.—Defendant and two others purchased from
plaintiff a jack for the agreed price of which each of them
executed his note to plaintiff in the sum of $433.33.  The ac-
tion is against defendant to recover upon the note so made
by him to plaintiff.  The answer admits the making of the
note and nonpayment thereof, and as a separate defense sets
up a contract alleged to have been made at the same time and
as a part of the same transaction in which the note was signed
and delivered, which contract is as follows:

"An agreement, made this 15th day of February, 1906, be-
tween the Peatland Realty Company, a corporation, with
principal place of business at Smeltzer, Orange Co., Califor-
nia, party of the first part, and Robert McClintock, J. H.
Edwards and M. C. Cole, all of the same place, parties of the
second part,

"Witnesseth: That for a valuable consideration and the
covenants hereinafter mentioned, first party has sold unto
second parties a Blue Jack about seven years old for Thirteen

Hundred Dollars ($1300) upon the following conditions, possession of Jack to pass to second parties at once.

"First party guarantees Jack to serve mares and to get at least sixty (60%) of stock served the first year with foal. In case of failure in either of foregoing provisions first party agrees to surrender to second parties their notes upon return of said Jack, this contract to be liberally construed so as to protect the rights and interests of the parties hereto.

"Signed and sealed the day and year first above written.

"ROBERT McCLINTOCK, J. H. EDWARDS, M. C. COLE.

"Peat Land Realty Company,

(Seal) "Per W. T. Clark, Pres."

It is further alleged that on February 15, 1906, possession of the jack was delivered to said defendants and his associates; that it was properly cared for and used in the service of mares during the entire breeding season and up to December 15, 1906, on which date, without fault of defendant or either of the other parties having said jack in charge, it died, of which fact plaintiff had notice but failed to surrender to defendant his note; "that said jack during said time from February 15, 1906, to December 15, 1906, failed to get sixty per cent of the stock served with foal, and did not get more than thirty-eight per cent with foal."

An order of the court overruling a general demurrer interposed by plaintiff to the answer, presents the sole question on appeal.

In our opinion, the provision that the jack should get sixty per cent of the mares served with foal was a condition precedent upon the performance of which the consummation of the sale depended. As here used, the word "upon" indicates a state of dependence. (*Welch* v. *Matthews,* 98 Mass. 131; *Powell* v. *Dayton, S. & G. R. Co.,* 14 Or. 356, [12 Pac. 665].) The statement in the agreement that plaintiff had sold the jack to defendant upon the conditions named, clearly implies that the sale thereof was dependent upon performance of the conditions, and the insertion therein of the clause (wholly unnecessary if it was a consummated sale), "possession of jack to pass to second parties at once," indicates that the parties understood that title was not to pass but should remain in the seller until the performance of the condition. The case is similar to one where by an order of court a party

is given the right to plead on payment of costs. Payment is a condition precedent to the exercise of such right to plead. (*Sands* v. *M'Clelan,* 6 Cow. (N. Y.) 582.) If we are correct in this conclusion, it must follow, since under section 1439 of the Civil Code, ''before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself,'' that the answer constitutes a sufficient defense, for performance of the condition precedent upon which the consummation of the sale depended was never fulfilled, and title to the jack being vested in plaintiff and it having died without fault of defendant or his associates, they were in no wise responsible for its loss. While it is true, as contended by appellant, that the word ''sold'' primarily means a consummated sale passing title, such meaning is controlled by the context, which here clearly indicates an executory agreement not intended to transfer title, save and except upon the performance of the condition specified. (*Christensen* v. *Cram,* 156 Cal. 633, [105 Pac. 650]; *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, [104 Pac. 432].) Defendant was not seeking a rescission of the contract, as suggested by appellant, but seeking to enforce the contract in accordance with its terms,—namely: that the jack having failed to perform the conditions; upon which performance the sale was contingent, he demanded a surrender of the note evidencing the purchase price thereof.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.