[Civ. No. 1796.    Third Appellate District.—June 5, 1918.]

WONG AH SURE, Appellant, v. TY FOOK, Respondent.

APPEAL—ALTERNATIVE METHOD—RECORD—PRINTING IN OPENING BRIEF.
    Where an appeal is taken under the alternative method, it is the
    duty of the appellant to print in his opening brief such portion of
    the record as he desires to call to the attention of the appellate
    court, and it is not proper procedure to omit to do so and discuss
    the evidence in the reply brief.

VENDOR AND PURCHASER—ORAL CONTRACT FOR SALE OF LAND—DESTRUC-
    TION OF PROPERTY—RECOVERY OF MONEY PAID.—Where a purchaser
    of land under an oral contract goes into possession and makes a
    part payment and agrees to pay the balance at a future date, when
    the property is to be conveyed to him and before the time for pay-
    ment the building on the land is destroyed by fire, the purchaser
    may rescind and recover the money paid, since the contract is not
    an executed one under section 1661 of the Civil Code.

APPEAL from a judgment of the Superior Court of Placer
County. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

J. M. Fulweiler, for Appellant.

Meredith, Landis & Chester, for Respondent.

CHIPMAN, P. J.—This is an action to quiet title to certain land, being a portion of section 19, township 12 north, range 8 east, near the town of Newcastle, and for other relief. Defendant filed an answer and cross-complaint: Denied that plaintiff was at the commencement of the action or is now the owner of the land, "except as hereinafter set forth"; denied that defendant claims an interest in the whole of said premises, but avers that he claims an interest in a certain portion hereof (describing it); denied that defendant's claim is without right. By way of cross-complaint, alleged: That about the —— day of March, 1914, plaintiff and defendant entered into an agreement whereby "defendant agreed to buy and plaintiff agreed to sell the following described land and premises" (description), the consideration being $950, payable four hundred dollars May 20, 1914, and the balance within six months from said last-mentioned date; that defendant went into possession and has ever since been and now is in possession; that about June 22, 1914, a store building situated on said premises was partially destroyed by fire; that immediately thereafter it was agreed by plaintiff and defendant that defendant should cause said store building to be repaired "at the sole expense and cost of plaintiff and the amount of the said cost to be charged against and deducted from said purchase price of said land"; that defendant has paid to plaintiff the entire consideration, to wit: May 20, 1914, paid cash four hundred dollars; July 17, 1914, paid out for cost of repairing said store building, $505; sold and delivered to plaintiff merchandise of the reasonable value of forty dollars, and paid plaintiff the sum of fifty dollars in cash, making in all $995; that defendant has demanded of plaintiff "that he execute and deliver to defendant the said deed conveying said land and premises to defendant in accordance with said agreement," but plaintiff has refused, and still refuses, to comply with said demand. The prayer is that plaintiff take no relief; that plaintiff be required to specifically perform said contract; that it be decreed that plaintiff has no estate or interest in said premises and

that he be debarred from asserting any claim in or to said land.

Plaintiff answering the cross-complaint: Denied that plaintiff agreed to sell to defendant the strip of land described in said cross-complaint, except a strip described as follows (description), on which "there was a building and porch of the dimensions heretofore stated of 19x70"; that said agreement "was not in writing but oral and the price to be paid was $950, payable four hundred dollars cash and the balance within a reasonable time thereafter and not to exceed one year, and at said final payment a deed was to be made to defendant"; plaintiff admits that he surrendered possession to defendant and that while defendant was in possession "the upper or wooden portion of said building was destroyed by fire, but for which plaintiff was in no respect responsible or liable"; denied that it was agreed that said building should be repaired at plaintiff's cost; admitted the payment of four hundred dollars cash, but alleged that plaintiff let defendant "have back" from said four hundred dollars the sum of $175, leaving due $625; denied that defendant sold plaintiff merchandise of the value of forty dollars or any other sum, or at all, and denied that defendant paid plaintiff fifty dollars in cash or any sum in excess of forty dollars; denied that defendant has demanded of plaintiff a deed, and alleged that plaintiff has tendered to defendant a sufficient deed on payment of the unpaid balance of said purchase price. Plaintiff prays that it be adjudged that defendant has no interest in said land and that plaintiff have a vendor's lien on said premises as security for the payment of said balance due plaintiff.

The cause was tried by the court without a jury and findings of fact were made by the court substantially in accordance with defendant's answer and cross-complaint; and as conclusions of law the court found that plaintiff is entitled to a decree quieting his title to the strip of land claimed by him, except that portion particularly described as claimed by defendant and as to such portion that defendant is the owner and entitled to possession; that defendant is entitled to the decree that plaintiff convey the said strip of land to defendant.

Judgment was entered accordingly. Plaintiff appeals from the judgment and brings the record here under the alternative method.

It is stated in appellant's brief that pending the appeal plaintiff, Wong Ah Sure, conveyed his interest in the premises to Sing Kee Jan and later died, and Sing Kee Jan has, upon suggestion of counsel, been substituted as appellant.

Respondent invites attention to the failure of appellant in his opening brief to comply with the provisions of section 953c of the Code of Civil Procedure, and asks that the rule be enforced, which is to affirm the judgment without examining the typewritten transcript in search for error upon which to base a reversal. In the present instance, there was an entire disregard of the requirements of the code section. Appellant, however, has made a fairly successful effort to comply with the statute in his reply brief. The statute reads: "In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court''; and appellant makes the point that the statute does not require compliance therewith in the opening brief, and that he has sufficiently complied with the statute by calling attention to the portion of the record on which he relies in his reply brief.

It is due to the respondent that the appellant should state fully his points and authorities in his opening brief and if he challenges the sufficiency of the evidence to support the findings, he should in his opening brief point out the evidence which he claims should have demanded a different finding. Of course, if the claim is made in good faith that there is no evidence whatever in support of a particular finding, a statement of such fact would be sufficient and the duty would then devolve upon the respondent to point out the evidence. The respondent is entitled to know on what points appellant relies and they should be stated in the opening brief in order that he may meet them in his answering brief. The practice of allowing appellant to reserve his discussion of the sufficiency of the evidence to support the findings to his reply is illogical and devolves upon the respondent the necessity of filing an additional brief, which would be unnecessary where appellant complies with the statute in his opening brief. Orderly procedure precludes appellant from making new points in his reply, and to defer compliance with the statute until he files his reply brief is in effect introducing an entirely new point which respondent could not anticipate and answer in his an-

swering brief. For these, among other reasons, we think appellant has not complied with what we believe to be the intention of the statute. As the question has not hitherto arisen, we have treated the reply brief of appellant as sufficient compliance with the statute.

Appellant states in his opening brief, and reiterates it in his reply brief, that "there is really but one issue to be determined in the case, and that is the 'agreement or contract to pay for the rebuilding of the store.'" The finding of the court is "that immediately upon said fire occurring and said damage and detriment resulting to said structure, building and improvement, as in these findings heretofore found, plaintiff agreed with defendant to alone stand and bear said loss, and agreed with defendant that, if defendant should restore said structure, building and improvement and pay the cost therefor, the amount paid therefor should be deducted from the final payment to be paid by defendant to plaintiff, as in these findings elsewhere found, for said land, premises, structure, building and improvement in these findings elsewhere described." Also, "the court finds that the risk of loss and destruction of said structure, building and improvement on said land and premises agreed to be sold and conveyed by plaintiff to defendant was on the plaintiff and that the damage and injury to said structure . . . by reason of fire occurred . . . without the fault, omission or negligence of the defendant."

It appeared that defendant went into possession of the premises under an oral contract of sale. Part payment was made, the balance to be paid at a future date, and when and not until paid, plaintiff was to convey the premises to defendant by a good and sufficient deed of bargain and sale. Before the time had arrived for payment of deferred installments, the building was partly destroyed by fire. As we understand the cases of *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, 334, [25 L. R. A. (N. S.) 609, 104 Pac. 432], and *Conlin* v. *Osborn,* 161 Cal. 659, 666, [120 Pac. 755], defendant could have rescinded and recovered the money paid on account of the purchase price. The principle applicable to the situation is stated in the Potts Drug Co. case: "Where there is a mere agreement to sell, and title therefore has not passed, the loss falls on the vendor." Appellant answers that the sale was not an executory contract, but was an executed agreement. "An executed

contract is one, the object of which is fully performed. All others are executory.'' (Civ. Code, sec. 1661.) The contract was taken out of the statute of frauds by part payment of the purchase price and delivery of possession. The agreement was partly executed but title had not passed to defendant. There was evidence that the value of the building was about $800 or $850 and the value of the lot $150. It is obvious that the property for which defendant was to pay $950 consisted principally of the building. The fact that he went into possession does not make the rule any the less applicable. It became impossible, through no fault of defendant, for plaintiff to convey the property he had agreed to convey. ''Where the contract relates to the use or possession or any dealing with specific things in which the performance necessarily depends on the existence of the particular thing, the condition is implied by the law that the impossibility arising from the perishing or destruction of the thing, without default in the party, shall excuse the performance, because, from the nature of the contract, it is apparent that the parties contracted on the basis of the continued existence of the subject of the contract.'' (9 Cyc. 631.)

But if this be not the law, the parties were certainly competent to agree as to which of them should bear the loss; and there was evidence that immediately after the fire occurred, plaintiff told defendant to go ahead and repair the building and to deduct the cost from the unpaid purchase price for the property. We find no prejudicial error in any of the rulings of the court.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1918.