[Civ. No. 2828. Second Appellate District. Division One.—June 9, 1919.]

## O. J. LA CHANCE, Respondent, v. C. D. BROWN et al., Appellants.

[1] VENDOR AND VENDEE—FORFEITURE CLAUSE IN CONTRACT—WAIVER OF—HOW REVIVED.—Where an executory contract for the sale of real property provides that if the vendee fails to make any of the payments provided within the time or according to the terms of the contract, the vendors shall be released from all obligations in law or equity to convey the premises, and the purchaser shall forfeit the same and his rights under the contract, and the vendors shall be entitled to possession of the premises and remove the vendee therefrom, but the vendors accept payments on account while the vendee is in arrears with respect to payments due, a temporary suspension of the right of forfeiture is created which can only be restored by giving a definite and specific notice of an intention to enforce it.

[2] ID.—DESTRUCTION OF IMPROVEMENTS—LOSS OF VENDOR—RIGHT OF VENDEE TO RESCIND.—When there exists an executory contract for the sale and conveyance of real property, and improvements which constituted a material part of the consideration have been destroyed, the loss falls upon the vendor, and the vendee has a right to rescind the contract.

[3] ID.—WAIVER OF RIGHT OF RESCISSION—AGREEMENT TO RESTORE PREMISES—EFFECT ON OBLIGATIONS OF VENDEE.—If such vendee elects that the contract remain in force, and concurrently the vendors agree to restore the premises, and proceed to the performance of their agreement, the obligation of the vendee to pay the installments named in the contract of purchase remains an obligation in force.

[4] ID.—REVIVAL OF RIGHT OF FORFEITURE—REASONABLE TIME TO COMPLY.—Where at such time certain installments were due, but the right of the vendors, by reason of their nonpayment, to insist upon forfeiture of the vendee's rights was in suspension because of their acts of waiver, they could revive this right only by giving the vendee a reasonable time within which to perform.

2. Rights of parties to executory contract for the sale of land where buildings are destroyed or property deteriorates before conveyance, notes, 27 L. R. A. (N. S.) 233; 43 L. R. A. (N. S.) 383; 9 Ann. Cas. 1055; 18 Ann. Cas. 796; Ann. Cas. 1913E, 304.

3. Right of vendee to specific performance with allowance for buildings destroyed after making executory contract, note, 10 L. R. A. (N. S.) 125.

[5] ID.—DESTRUCTION OF IMPROVEMENTS—REVIVAL OF RIGHT OF FORFEITURE BEFORE RESTORATION UNREASONABLE.—Where the improvements which constituted a material part of the consideration were destroyed, but the vendee waived his right to rescind and concurrently the vendors promised to make the necessary repairs, it was not reasonable that the vendors should attempt to revive their right of forfeiture because of delinquent installments until first they completed those repairs.

[6] ID.—SALE TO THIRD PARTY—ABANDONMENT OF CONTRACT—RIGHT TO RESCIND.—The vendors under an executory contract for the sale of real property, by selling the property to others than the vendee under such contract, without the latter's knowledge and consent, do not thereby abandon the contract, giving such vendee a right to rescind, unless such vendors part with title to the property without reserving and protecting such vendee's rights under the executory contract of purchase.

[7] ID.—CASE AT BAR—ACTION TO RECOVER PURCHASE MONEY—WANT OF GROUNDS.—Where, as in this case, neither party to the executory contract for the purchase of real property is in default, and the contract has not been abandoned or otherwise rescinded by the vendors, no cause of action exists entitling the vendee to recover the moneys which have been paid by him on account of said contract.

'APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

W. W. Kaye and Alfred Siemon for Appellants.

N. E. Conklin for Respondent.

CONREY, P. J.—Action to recover the sum of $1,071 paid by the plaintiff to the defendants on account of a contract for the purchase of real property, which contract it is alleged was abandoned by the defendants, and rescinded. From a judgment awarding to the plaintiff the sum of $411, the defendants appeal.

The complaint alleged that immediately after the signing of the contract the plaintiff and defendants entered into a supplemental agreement to the effect that a certain policy of insurance upon the improvements on the land was for the benefit of the plaintiff, and that in case of loss of the premises by fire any sum paid upon the insurance would

be paid to the defendants, in case of total loss, and that the plaintiff was to be credited upon the purchase price of the property for whatever amount was recovered on the policy; and in case of a partial loss, whatever money was paid by the insurance company so much of it as necessary was to be used to repair the damage by fire, and whatever remained over and above such expenditure would be credited to the plaintiff on the purchase price of the property; that after the fire by which the house was partially destroyed and after the repairs were completed, there remained the sum of $850 paid by the insurance company, which sum the defendants retained to their own use and refused to pay over or credit to the plaintiff. No evidence was introduced in support of the foregoing allegations (all of which were denied), and no finding of fact was made thereon.

The contract price was three thousand five hundred dollars, of which four hundred dollars was paid at the execution of the contract. The contract provided that the remainder of the purchase price should be paid as follows: One thousand five hundred dollars by assuming a mortgage indebtedness held by the Producers Savings Bank against the property, which sum of one thousand five hundred dollars, together with the interest thereon, it was agreed should be paid by the plaintiff. The remaining one thousand six hundred dollars was to be paid in certain monthly installments. The interest on the mortgage was payable quarterly. It was agreed that if the plaintiff failed to make any of the payments provided within the time or according to the terms of the contract, the vendors should be released from all obligations in law or equity to convey the premises, and the purchaser should forfeit the same and his rights under the contract, and the vendors should be entitled to possession of the premises and to remove the vendee therefrom.

The court found that the fire occurred on the fifteenth day of February, 1912, and that the monthly average of payments theretofore made were up to and in accordance with the terms of the contract. These two findings are not sustained by the evidence. The fire occurred on the fifteenth day of January, 1912, and the payments theretofore made were several hundred dollars less in their aggregate

amount and in their monthly average than the require-
ments of the contract.

The court found that the repairs, which the defendants
made upon the property after the fire and without cost to
the plaintiff, were completed on the seventh day of March,
1912; that the deviation in times and amounts of pay-
ments as made by the plaintiff were made with and by the
consent of the defendants; that the defendants had waived
time as an essential condition for the payment of the
amounts provided by the terms of the contract; and that
such failure to pay the amounts required by the contract
at the times specified therein was with the consent of the
defendants. Appellants claim that the evidence is insuffi-
cient to support these findings, but we do not agree with
this contention. [1] The evidence shows that the de-
fendants accepted payments on account while the plaintiff
was in arrears with respect to payments due, and also that
at the same time defendants knew that the plaintiff had
not paid any interest on the mortgage. This was sufficient
to constitute waiver. It created "such a temporary sus-
pension of the right of forfeiture as could only be restored
by giving a definite and specific notice of an intention to
enforce it." (*Stevinson* v. *Joy,* 164 Cal. 279, 285, [128
Pac. 751, 753].)

Appellants claim further that the evidence is insufficient
to support the court's finding that the date of comple-
tion of the repairs after the fire was the seventh day of
March, 1912. They claim that the repairs were completed
on the fifteenth day of February, 1912. However, we find
in the record testimony tending to show that some of the
repair work was still going on after the seventh day of
March. Immediately after the fire occurred it was orally
agreed between the plaintiff and the defendants that the
defendants should proceed to make repairs of the premises,
and pursuant to that agreement the plaintiff removed
therefrom. At that time neither party claimed that the
contract was not in force, and by mutual consent they
proceeded upon the theory that the removal of plaintiff
was temporary and that defendants would proceed and
complete the repairs on the understanding that the con-
tract remained in force. The court made the following
finding of fact, the truth of which is not challenged: "That

on the 16th day of February, 1912, the defendants demanded of plaintiff that he meet and perform every condition specified in said contract by the 25th day of February, 1912, at 12 o'clock noon, or defendants would immediately have all of plaintiff's interest forfeited to defendants without further notice. That on the 15th day of February, 1912, defendants demanded of plaintiff that he perform all of the conditions of said contract required of him to such date, and offered in writing to give the plaintiff ten days' time within which to comply with such demand, which was served on plaintiff on February 16th, 1912, at 4:30 P. M. and promised and agreed in writing that if said plaintiff should within ten days perform all of the terms of said contract by him to be performed to such date, they would reinstate the plaintiff under said contract, and allow him to enter in and upon the possession of the said property, but that the said plaintiff failed, refused and neglected to pay any further or other sum to the defendants under said contract, or on account thereof.''

Evidently this notice was intended to put an end to the temporary suspension of the right of forfeiture by giving ''a definite and specific notice of an intention to enforce'' such right of forfeiture. (*Stevinson* v. *Joy, supra.*) This the vendors were entitled to do, and the vendee's failure to comply with the demand would place him in default, unless such failure was excused by the fact that, when the time limit fixed by the notice expired, the repairs by which the house was being restored to a condition fit for occupancy had not been completed.

[2] When there exists an executory contract for the sale and conveyance of real property, and improvements which constituted a material part of the consideration have been destroyed, the loss falls upon the vendor, and the vendee has a right to rescind the contract. (*Conlin* v. *Osborn,* 161 Cal. 659, [120 Pac. 755].) [3] Let it be assumed that the damage by fire, to the house on the land covered by the contract, was of such consequence that the vendee might have established his right to rescind. In fact, he elected that the contract remain in force, and concurrently the vendors agreed to restore the premises, and proceeded to the performance of their agreement. That they were proceeding in good faith is not denied. This being

so, the obligation of the vendee to pay the install-
ments named in the contract remained an obligation in
force. [4] Certain installments were due. The right of
the vendors, by reason of their nonpayment, to insist upon
forfeiture of the plaintiff's rights, was in suspension be-
cause of their acts of waiver. But this right they could
revive at any time by giving notice and demanding pay-
ment. Under such circumstances, however, they could not
demand instant payment, but must allow a reasonable time.
They allowed nine days—a time which expired before the
repairs of damage caused by the fire had been completed.
The court found that this was not a reasonable time. We
are of the opinion that the court was justified in this find-
ing or conclusion from the evidence. [5] In view of the
vendee's waiver of his right to rescind, which waiver was
concurrent with the promise of the vendors to make the
necessary repairs, it was not reasonable that the vendors
should attempt to revive their right of forfeiture until first
they completed those repairs. We conclude, therefore, that
the contract remained in force until a time subsequent to
the twenty-fifth day of February, and that the vendee
never was in default.

[6] Early in March the defendants rented the premises
to tenants selected by them, and thereafter sold the prop-
erty to persons other than the plaintiff, all without plain-
tiff's knowledge or consent. Thereupon the plaintiff elected
to treat these acts as an abandonment and repudiation by
defendants of the contract of sale, and accepted the same
as constituting a rescission. The fact that the defendants
made such sale of the property was not alleged in the com-
plaint. Assuming, however, that this fact had been alleged,
or that evidence thereof was received without objection,
and that the court was justified in finding as it did that
after the first day of March, 1912, the defendants "sold
said premises to persons other than plaintiff and without
plaintiff's knowledge or consent," this fact alone did not
constitute an attempt to rescind. The vendor may part
with his title "subject to the rights of the vendees under
the executory contract of sale, and thus not put it beyond
his reasonable power to make title to his vendees under the
executory contract of sale when in due time it may be de-
manded of him. . . . A pleading merely that during the

life of such an executory contract of sale the vendor has parted with the title, is not sufficient to put the vendor in default or to show an abandonment by him of the contract. It must further be pleaded that the vendor did this without reserving and protecting his vendee's right under the executory contract. (*Brimmer* v. *Salisbury,* 167 Cal. 522, 527, [140 Pac. 30, 32].)

[7] Applying the law, as thus declared, to the facts found in the present case, it appears that neither party was in default, and that the contract has not been abandoned or otherwise rescinded. Under such circumstances no cause of action exists entitling the vendee to recover the moneys which have been paid by him on account of said contract. (*Glock* v. *Howard etc. Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)

The judgment is reversed.

Shaw, J., and James, J., concurred.