[Civ. No. 740.   Fourth Appellate District.—February 4, 1932.]

HENRY VAN BUREN, Respondent, v. FRANK E. GREEN, Appellant.

462

Frederick W. Welsh for Appellant.

Todd, Pawson & Watkins and Todd, Pawson, Watkins & Anderson for Respondent.

BARNARD, P. J.—This is an action for the rescission of a contract and for the recovery of the amount paid. On June 4, 1926, the parties hereto entered into a written contract by which the defendant agreed to sell and convey to the plaintiff a certain ten acres of land in Kern County, and also agreed to sell and convey to the plaintiff "approximately a one-sixteenth (1/16) interest in the well, pumping plant and reservoir located in the northeast quarter" of the same section, together with a right of way or easement for pipe-lines running to the ten acres in question. The

defendant agreed to furnish a good and sufficient conveyance and a certificate of title on receiving full payment. The plaintiff resided at Long Beach and the defendant at Delano. On December 18, 1926, the plaintiff called at the First National Bank of Long Beach and instructed the cashier to send his copy of this contract, together with the balance of the purchase price, to a bank at Delano and obtain for him the conveyances and certificate of title to which he was entitled. On that day this bank sent the amount due, together with the contract, to the Growers' Security Bank at Delano, asking them "pursuant to the foregoing" to deliver the inclosed draft to the defendant when they had obtained a deed and a certificate of title covering the ten acres of land mentioned, also stating that they would pay the charges for recording the deed and for showing the title vested in the new owner. On January 7, 1927, the Growers' bank wrote to the Long Beach bank inclosing a deed to the plaintiff covering the ten acres in question but not covering the interest in the well, pumping plant, reservoir and right of way. Several days later, the plaintiff called at the Long Beach bank and, upon being shown the deed, told his banker that the land was not worth a cent without water, and instructed him to write back and get the title to the water. On January 17, 1927, the cashier of the Long Beach bank wrote to the Delano bank stating that the deed had been received but that the plaintiff contended that there should have been included a conveyance of the water rights, and closing thus: "Will you, therefore, kindly have either a new deed drawn, including the water rights, or write to Mr. Van Buren acknowledging his right to this water." On January 20, 1927, the defendant himself replied to the Long Beach bank acknowledging receipt of their letter of the 17th and stating that he was inclosing an agreement of sale and also: "and that I will convey the 1/16 interest in the well, pumping plant, reservoir and pipe lines in accordance with my original agreement". In that letter he inclosed a separate signed statement to the effect that in consideration of $1, he thereby agreed to convey to the plaintiff a one-sixteenth interest in and to the well, pumping plant and reservoir located on that section, with a like interest in a pipe-line and closing with this paragraph: "This conveyance to be made as soon as releases

are obtained by me for said property from the Earl Fruit Company a corporation, of a bond issue upon the land above described.''

Some days later, this letter and signed statement were shown to the plaintiff by his banker and the plaintiff thereupon stated that ''he didn't think that was any good'' and that he would take the matter up with his attorney. It appears from the evidence that this was the first knowledge that the plaintiff had of any encumbrance upon the property, and the court found upon ample evidence that when the original contract was signed the plaintiff was not informed and did not understand that the water system mentioned was encumbered or that it could not be conveyed until the encumbrance was released. Shortly thereafter both the plaintiff and the Long Beach bank took the matter up with an attorney and on February 16, 1927, this attorney wrote to the abstract company in Bakersfield which had issued the certificate of title, asking them whether the real estate involved in this transaction was affected by a bond issue in connection with the Earl Fruit Company. On February 27th, this abstract company replied stating that the trust deed securing the bond issue referred to was released of record before they issued their certificate. On March 4, 1927, this attorney wrote to the defendant referring to the deed delivered and to the statement in the later agreement sent by the defendant, to the effect that the defendant would make a deed conveying the same as soon as a ''lien affecting the water rights had been removed''. The attorney then stated that in checking the matter up he had found that the Earl Fruit Company had released any claim which affected the water rights involved, and asked if there was any reason why these could not be conveyed ''at this time''. Under date of March 8, 1927, the defendant replied, stating that he was unable to convey the water right to the plaintiff for the reason that portions of the land through which the pipe-line was laid had not yet been released by the Earl Fruit Company from a bond issue. On March 14, 1927, the plaintiff served on the defendant a notice of rescission, offering to restore all that he had received and demanding a return of the amounts he had paid out. This action followed, resulting in a judgment for the plaintiff, from which the defendant has appealed. It appears that

after this action was begun but before it was tried, the defendant secured a release of the encumbrance on the water system, and at the trial he testified that he thereafter conveyed the water system to a corporation; that this corporation was then the legal owner of the water rights referred to in his original contract with the plaintiff; and that he had tendered to the plaintiff one-sixteenth of the shares of stock in this corporation.

The main point relied upon by appellant is that the respondent had no legal right to rescind at the time he served notice thereof. It is urged that the respondent, having received and retained the deed to the ten acres without a conveyance of the water rights, and having accepted a supplemental agreement to the effect that the appellant would convey the water rights as soon as he succeeded in releasing the encumbrance thereon, could not rescind without demanding performance and allowing a reasonable time therefor. We are cited to no authorities sustaining such a contention under the circumstances here shown. Under the terms of the contract the appellant was obligated to convey all the property sold upon the payment of the purchase price. Upon the breach of that contract the respondent was entitled to treat the contract as rescinded and recover the money he had paid. (*House* v. *Piercy,* 181 Cal. 247 [183 Pac. 807].) There was then a partial failure of consideration, which is made a ground for rescission by statute. (Civ. Code, sec. 1689.)    The court found that the respondent did not accept or concur in the purported supplemental agreement which the appellant sent to the Long Beach bank. The evidence supports this finding. This purported agreement was never signed by the respondent and all of the evidence shows that he continued his efforts to secure a conveyance in accordance with the terms of his original contract. Even the appellant, who claims that such a supplemental contract was entered into under which he was to convey the water rights to the respondent as soon as he released them from the existing encumbrance, admits that as soon as this encumbrance was released he conveyed the water rights to a corporation and attempted to give to the respondent certain shares in this corporation in lieu of the things he had agreed to convey to him.    While the Long Beach bank violated the instructions given

it by the respondent in suggesting that the appellant either convey the water rights or write to the respondent acknowledging his rights to this water, the appellant is in no position to rely on any ostensible agency of the bank since he incurred no liability and parted with nothing of value on the faith thereof. (Sec. 2334, Civ. Code.) ■ No demand was necessary as the appellant was obligated to convey the water rights when the purchase price was paid. In any event, the sending of the purchase price with his copy of the contract was a sufficient demand for full performance, and the evidence conclusively shows that at every step the respondent refused to accept anything other than what his contract called for, and that he continuously insisted that the water rights in question be conveyed to him. At least two other demands were made, one by the bank and one by his attorney, before the notice of rescission was served. ■ The respondent did not know that the water system had not been conveyed until after the deed was recorded. While it was incumbent upon the respondent to act with reasonable promptness, whether he did so depends upon the circumstances of the case and is a question primarily for the trial court. (*French* v. *Freeman,* 191 Cal. 579 [217 Pac. 515]; *Hunt* v. *L. M. Field, Inc.,* 202 Cal. 701 [262 Pac. 730].) It has also been held that a vendee may rescind notwithstanding a delay occasioned by the promises of the vendor to cure the defects complained of. (*Cooper* v. *Huntington,* 178 Cal. 160 [172 Pac. 591]; *Noll* v. *Baida,* 202 Cal. 98 [259 Pac. 433].) Under the circumstances here shown, this delay of about two months cannot be held sufficient, as a matter of law, to show a waiver of the right of rescission.

■ Some further contentions are made that certain findings are not sustained by the evidence. The main one of these, to the effect that the respondent had no knowledge of the encumbrance upon the water system, the appellant admits was made upon disputed evidence but he argues that since the weight of the evidence is to the contrary, this court may change the finding under section 4¾ of article VI of the Constitution. While somewhat unique, this argument adds nothing to the far too common practice of asking an appellate court to pass upon conflicting evidence. All of the findings complained of are amply supported by the evidence.

The last point raised is that it would be inequitable to permit the respondent to avail himself of a technicality in order to rescind the contract. The water rights were as much a part of the contract as the land, and in view of the well-known importance of such rights, it can hardly be called a mere technicality when a vendee demands that he receive them with the land jointly purchased therewith. That the respondent's misgivings at the suggestion that this important matter be left in the lap of the indefinite future, were perfectly reasonable, fully appears from the subsequent conduct of the appellant. Instead of trying to comply with his contract as soon as he could, he did the very opposite, and then offered the respondent a very different thing which is claimed to be "just as good". A consideration of the equities is not entirely favorable to the appellant.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1932.