[S. F. No. 14725. In Bank.—April 24, 1933.]

MOSES LUBARSKY, Respondent, v. EVELYN RICHARDSON, as Administratrix, etc., Appellant.

William J. Hayes and Charles H. Patterson for Appellant.

W. F. Cowan and J. O. Kroyer for Respondent.

CURTIS, J.—This action was originally instituted against C. Pauline Chavis as defendant. After its commencement said defendant died and defendant Richardson, as administratrix of her estate, was substituted as defendant. We will continue to refer to C. Pauline Chavis as the defendant.

On May 3, 1926, plaintiff and defendant entered into an agreement in writing whereby the defendant agreed to sell and plaintiff agreed to buy a certain chicken ranch in Sonoma County, California, together with certain personal

property located on said ranch, including chickens, feed, automobile and other equipment, for the sum of $11,000. Two thousand dollars of the purchase price was to be paid in cash and the balance thereof was to be paid five years from date with interest at five per- cent, payable semiannually, the buyer to have immediate possession of the premises and to pay all taxes thereon and to maintain fire insurance upon the dwelling-house on said premises to the extent of $3,000. The plaintiff paid the $2,000 called for by said contract, and entered into possession of said premises. He also paid the first six months' interest and the first half of the county taxes for the fiscal year, 1926–1927. On December 28, 1926, the dwelling-house on said premises, of the value of $3,000, was destroyed by fire and the insurance money, $3,000, was collected by the defendant. Upon the collection of said insurance money by the defendant, she agreed to give the plaintiff credit for the amount thereof on the amount of the purchase price remaining unpaid. The court found that defendant continued "to make said representations and statements that she would credit the insurance moneys collected by her upon the purchase price of said contract from the time of the destruction of said dwelling in December, 1926, to the month of April, 1927, at which time said defendant stated, that she would not reconstruct a dwelling of like or similar value or credit plaintiff with the value thereof". On April 15, 1927, plaintiff served upon defendant a notice of rescission of said contract of purchase, and thereafter commenced this action to have said contract rescinded. The trial court rendered judgment in favor of the plaintiff rescinding the contract and also for the recovery of $965.53 and costs. Defendant has appealed upon the judgment-roll.

As we understand the position of the defendant, she concedes that by reason of the loss of the dwelling-house on said premises, without any fault of the plaintiff, the consideration for said contract of purchase had so materially failed that the plaintiff was entitled to rescind said contract for that reason. Defendant contends, however, that the plaintiff did not base his right to rescind upon that ground, but upon the ground that defendant failed to give plaintiff credit for the amount of said insurance money on the unpaid purchase price of said property. Conceding that plaintiff's

complaint is possibly susceptible of the construction placed upon it by the defendant, we think the defendant is precluded from making such a contention at this time. This action was before the District Court of Appeal upon a prior appeal from a judgment upon the pleadings in favor of the defendant. The judgment was reversed. There the defendant made practically the same contention that she now attempts to make on her present appeal. After analyzing the complaint in this action, the District Court of Appeal on said former appeal held as follows: ''We conclude therefore that the plaintiff's complaint tendered a good issue . . . of failure of consideration, which, if supported by evidence would entitle plaintiff to rescind the agreement and recover back the money paid.'' (*Lubarsky* v. *Chavis,* 99 Cal. App. 610, 616 [279 Pac. 205].)

█ The findings in the present action follow the allegations of the complaint and, as the appeal is on the judgment-roll, it is conclusively presumed that the evidence supports the findings. The law of the case, therefore, as pronounced by the previous decision in this action establishes the sufficiency of the complaint and the findings support the judgment.

█ It is next contended that the plaintiff was guilty of laches in giving notice of rescission. The dwelling-house was burned on December 28, 1926, and notice of rescission was not given until the following April. Defendant concedes, however, that immediately after the burning of said building the defendant agreed to give credit for the amount of said insurance on the purchase price remaining unpaid and that the defendant continued to make said statements and representations up to April, 1927, when she repudiated them and for the first time informed the plaintiff that she would not so apply the insurance money. Plaintiff immediately upon being informed by the defendant that she would not make application of the insurance money to the balance due on the purchase price of the premises gave notice of rescission. Under these conditions the plaintiff was excused from giving notice of rescission at an earlier date. Recently we held that, ''It is impossible to designate a definite period within which a party must exercise the right to rescind a contract on account of misrepresentations, for the facts peculiar to each case are determinative thereof,

and whether the defrauded party has acted promptly is a question to be decided by the trial court upon the facts of the particular case." (*Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701 [262 Pac. 730].)

Equally untenable is the contention of the defendant that plaintiff's notice of rescission was defective in that his tender of restoration was insufficient. The notice of rescission contained a demand for the money paid out by the plaintiff under the contract of purchase and an offer to restore all things of value received by plaintiff pursuant to the terms of the contract. The notice was sufficient. The trial court in adjusting the differences between the parties gave defendant credit for a number of articles of personal property which were on the property at the execution of the contract of purchase, and which plaintiff was unable to restore to defendant,—such as a lot of chickens which had died between the date of the contract of purchase and the giving of the notice of rescission. Another lot of chickens had been sold during the said interval by the plaintiff. Defendant's rights were carefully protected by the court in its judgment, and she has no cause of complaint in that respect.

Defendant filed a cross-complaint, and plaintiff failing to answer it, his default was entered for such failure. This was the state of the pleadings when the first appeal referred to above was taken. After the action was returned to the trial court the defendant filed an amended cross-complaint, which the plaintiff did answer. Thereupon defendant moved to strike out her answer to said amended cross-complaint on the ground that plaintiff was in default in failing to answer the original cross-complaint. The court denied the motion. Defendant now complains of the action of the trial court in denying said motion. Defendant claims that her cross-complaint was amended in a matter of form only and, therefore, the filing of the amended cross-complaint did not open up the previous default. The original cross-complaint is not before us, and we have no means of knowing the nature of the amendment embodied in the amended cross-complaint, or of determining whether it was one of substance or was only formal. "It is settled that where, after the default of the defendant has been entered, a complaint is amended in matter of substance as distinguished

from a mere matter of form, the amendment opens the default." (14 Cal. Jur. 889.) The same rule would, of course, apply when an amended cross-complaint is filed. Under these circumstances we can only sustain the action of the trial court in refusing to strike out plaintiff's answer to the amended cross-complaint.

We think the judgment should be affirmed, and it is so ordered.

Seawell, J., Thompson, J., Shenk, J., Preston, J., Langdon, J., and Waste, C. J., concurred.