[Civ. No. 1584. Fourth Appellate District.—February 27, 1936.]

J. EDGAR ROSS et al., Appellants, v. W. T. McDOUGAL et al., Respondents.

J. Edgar Ross and Anna M. Ross, *in pro. per.,* for Appellants.

Albert H. Ford for Respondents.

MARKS, J.—Plaintiffs brought this action to recover $600 principal and $139.82 interest, alleged to be due and unpaid on a conditional sales contract of real property   Besides an-

swering, defendants filed a cross-complaint seeking to rescind the contract because of a partial failure of consideration. Judgment was rendered for defendants and plaintiffs have appealed.

Under date of July 21, 1930, plaintiffs and defendants executed an executory contract for the sale and purchase of real property in Riverside County for the sum of $3,500, payable $100 in cash, $500 on or before August 1, 1930, $600 on or before each August 1st of 1931, 1932, 1933 and 1934, and $500 on or before August 1, 1935, deferred payments to draw interest at the rate of eight per cent per annum, payable quarterly. The property was encumbered with a mortgage for $1,000 which plaintiffs agreed to pay and have released. It was also provided that defendants should keep the dwelling on the property insured in the sum of $1200.

During the month of May, 1931, the dwelling burned without fault of either party. Defendants had been given possession but were away at the time of the fire. Insurance in the sum of $700 was paid to the mortgagee upon the written consent of the parties. Plaintiffs asked defendants' consent to credit the insurance on the last instalments of the contract. Although defendants did not consent to this being done, plaintiffs proceeded to make the credit in that manner.

██ This action was brought on February 26, 1932, for the instalment of the principal falling due August 1, 1931, and for the accrued interest. After the fire the parties negotiated for almost a year in an endeavor to settle the controversy as to who would bear the loss occasioned by the fire. These negotiations continued until about the time summons was served upon defendants, which was the first information they had of the pendency of the action. Upon this evidence the trial court quite properly held that defendants were not guilty of laches in not having rescinded more promptly.

Two questions are presented for our decision, (1) what, if anything, was due plaintiffs under the terms of the conditional sales contract, and (2) under the circumstances of this case could defendants rescind?

██. The answer to the first question depends upon the proper application on the debt of the $700 paid by the insurance carrier. Under the facts of this case section 1479 of the Civil Code requires the payments to be credited (1) on the

interest due at the time of the payment, and (2) on "the obligation earliest in date of maturity". The payment should have been applied, first, on any interest due and unpaid; second, on the $600 payment of principal falling due August 1, 1931, and third, on obligation next in maturity which would be instalments of interest next accruing. While we are not able to compute the exact amount of the payment to be credited on interest, it is evident that the entire payment of the principal due August 1, 1931, and nearly all, if not all, of the interest accrued at the time the suit was filed would have been paid if the proper credit of the $700 had been made.

We meet more difficulties when we approach the question of the right of defendants to rescind the executory contract of sale under the facts before us. The decisions of the Supreme and Appellate Courts of the state are in such a condition on the question of the right of a vendee in possession under an executory contract to rescind the contract because of a partial failure of the consideration caused by a destruction of part of the property without fault of the vendee that a brief review of some of them seems necessary.

Where plaintiffs give defendant a note and mortgage to pay the cost of constructing a dwelling on their property according to definite specifications they are entitled to cancellation of the note and mortgage for partial failure of consideration if the house be not completed substantially according to specifications. (*Perry* v. *Quackenbush,* 105 Cal. 299 [38 Pac. 740].) See, also, *Van Buren* v. *Green,* 120 Cal. App. 461 [7 Pac. (2d) 1079].)

Hattie O. and Jos. L. Cooper were in possession of two lots in a subdivision under a contract of purchase for $3500, of which the initial payment and several instalments had been paid. The soil on about four of the ten acres of the land was washed away by a flood. The Supreme Court was of the opinion that this amounted to such a partial failure of consideration that the Coopers were entitled to rescind the contract of purchase. (*Cooper* v. *Huntington,* 178 Cal. 160 [172 Pac. 591]. See, also, *Wilson* v. *Beazley,* 186 Cal. 437 [199 Pac. 772].)

In *Potts Drug Co.* v. *Benedict,* 156 Cal. 322 [104 Pac. 432, 25 L. R. A. (N. S.) 609], the plaintiff was the lessee of real property in San Francisco. The leasehold was sold to defend-

ants for $1500 in cash, and $15,000 to be paid at a future date. The day after the sale was made the leased premises were destroyed by fire. Plaintiff brought suit for the $15,000 and the Supreme Court held it should recover as the sale had been consummated and the loss should follow the title.

In *Smith* v. *Phoenix Ins. Co.*, 91 Cal. 323 [27 Pac. 738, 25 Am. St. Rep. 191, 13 L. R. A. 475], it appears that plaintiff was the owner of a hotel building which was leased to one Stewart for a term of years with an agreement to sell and buy at a stated price at the end of that term. The Phoenix Insurance Company was the insurer of the building which was destroyed by fire. Smith brought suit under the insurance policy and the company defended upon the ground, among others, that the contract of sale and purchase was a change of title not disclosed to it. The case largely turned upon the question of whether Stewart could be held to pay the purchase price after the building was destroyed, or, in other words, whether the loss of the building should fall on Smith, the owner, or Stewart, the tenant and prospective purchaser. The Supreme Court held that the loss should fall on Smith and not on Stewart as Stewart was in possession under his lease and not under the contract of purchase. It is there stated that no case had been found in which a vendor not in possession under an executory contract for the sale of property had been held for the loss occasioned by the partial destruction of the property. (See *Finkbohner* v. *Glens Falls Ins. Co.*, 6 Cal. App. 379 [92 Pac. 318]; *Higbie* v. *Shields*, 27 Cal. App. 536 [150 Pac. 801].)

The case of *Kirtley* v. *Perham*, 176 Cal. 333 [168 Pac. 351], involved a conditional sales contract of personal property which was partially destroyed without fault of either party while the seller retained title and the buyer was in possession. The Supreme Court said: ''Mr. Williston, in his treatise on Sales, says that where goods sold are delivered to the buyer, but title is retained by the seller until the price is paid, inasmuch as the buyer has the immediate use of the goods, he must stand the loss from subsequent ordinary deteriorations, and that 'it seems properly to follow that if the goods are accidentally destroyed or injured, the buyer must stand the loss; that is, he must pay the price in full at the time agreed. The decisions upon the point are in conflict, but the weight of au-

thority sustains the view here expressed.' (Williston on Sales, sec. 304.) The defendants rely on this doctrine.

''We need not review the authorities said to be in conflict, or examine into the merits of the diverse arguments therein. In this state the question is settled in favor of the plaintiff and in accordance with the decision of the court below. Discussing the case of a sale of personal property to be delivered in the future, where the property, without fault of the vendor, has perished in the interval, the court in *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, 334 [25 L. R. A. (N. S.) 609, 104 Pac. 432], says: 'The liability to pay the price in such a case, notwithstanding failure to deliver possession, rests upon the fact that the purchaser was the owner of the property at the time of its destruction. It is elementary in the law of sales that, in the absence of special agreement to the contrary, the risk accompanies the title, and that when a present unconditional sale is actually consummated, and the title has passed, the property is thenceforth at the risk of the buyer, so far as accidental destruction by fire, etc., is concerned, even though possession thereof has not been delivered.' (citing cases.) 'Where there is a mere agreement to sell, and title, therefore, has not passed, the loss falls on the vendor for the same reason. In such case the vendor is excused from the performance of his contract under the rules we have discussed, by reason of the destruction of the thing, but he cannot retain money already paid on account of the proposed purchase, or recover monies remaining unpaid.' The decisions in *Smith* v. *Phoenix Ins. Co.,* 91 Cal. 323 [25 Am. St. Rep. 191, 27 Pac. 738, 13 L. R. A. 475], *Tyson* v. *Wells,* 2 Cal. 122, *Hewlet* v. *Flint,* 7 Cal. 264, 265, *Girdner* v. *Beswick,* 69 Cal. 112, 118 [10 Pac. 278], *Conlin* v. *Osborn,* 161 Cal. 659, 666 [120 Pac. 755], *Peatland Realty Co.* v. *Edwards,* 23 Cal. App. 402, 405 [138 Pac. 357], and *Waltz* v. *Silveria,* 25 Cal. App. 717, 719 [145 Pac. 169], are to the same effect. The text-books state the same rule. (35 Cyc. 343; 24 Am. & Eng. Ency. of Law, 1045; 2 Mechem on Sales, sec. 1413; 3 Page on Contracts, sec. 1370.) And Mr. Williston himself in section 301 states the general rule to be that the loss in such cases falls on him who has the title at the time. And in section 164, on the same subject, he says: 'If the property is destroyed or injured before the time when it was agreed the title should pass, the buyer cannot be

compelled to pay the price, and if he has paid the price in advance it may be recovered.' "

The case of *McCarty* v. *Wilson*, 184 Cal. 194 [193 Pac. 578], was an action by an executor to recover the purchase price of property sold to the defendant under an order of sale in a probate proceeding. The defendant went into possession of the property and did considerable grading. After the order confirming the sale was made and before the purchase price was paid the property suffered a ten per cent damage from a flood which furnished one of the grounds of defense. In its main opinion the Supreme Court reached the conclusion that the defendant was in equity the owner of the land and in rightful possession and the loss from the flood should fall upon him. In denying a petition for rehearing the court explained this statement as follows: "We desire to say that in regard to the claimed depreciation in value by reason of flood, the fact that upon the confirmation of the sale the whole purchase price at once became due and payable, at least upon the original tender and deposit of the deed by the executor, distinguishes the case from the cases relied upon by petitioner."

In *Conlin* v. *Osborn*, 161 Cal. 659 [120 Pac. 755], the question there litigated was whether the vendee under an uncompleted contract for the sale of real estate could recover his deposit on the purchase price where the buildings on the property had been destroyed by fire prior to the time the balance of the purchase price became due. The court upheld his right of recovery on the ground that there was a partial failure of consideration in a material respect as to the vendee, and, therefore, the loss must follow the title and fall upon the vendor. It does not appear that the vendee was in possession of the property at the time of the fire.

In the case of *Lubarsky* v. *Richardson*, 218 Cal. 27 [21 Pac. (2d) 557], the plaintiff sought to recover the payments which she had made under an executory contract for the sale of real and personal property where the buildings on the land were destroyed by fire after she went into possession. The Supreme Court affirmed a judgment rescinding the contract and permitting a recovery of the amount paid less profits made by plaintiff while in possession. The buildings on the property were insured for $3,000, which was collected by defendant. She refused to credit plaintiff with any portion of this money.

It was conceded by defendant that the destruction of the dwelling amounted to such partial failure of consideration that plaintiff was entitled to rescind the contract.

In the case of *Wong Ah Sure* v. *Ty Fook*, 37 Cal. App. 465 [174 Pac. 64], in which a hearing in the Supreme Court was denied, the principal question involved was whether the vendor or vendee under an executory contract of sale of real property should bear the loss occasioned by the partial destruction by fire of a building on the premises, which occurred without fault of either party, before the purchase price was fully paid and while the vendee was in possession. It was held that the loss must follow the title and fall on the vendor. (See, also, *La Chance* v. *Brown*, 41 Cal. App. 500 [183 Pac. 216].)

In *Lubarsky* v. *Chavis*, 99 Cal. App. 610 [279 Pac. 205], in which a hearing was denied by the Supreme Court, it was held that where plaintiff and defendant entered into an executory contract for the sale of real and personal property and a dwelling on the property was destroyed by fire while the vendee was in possession and without her fault, there was a failure of consideration in a material respect which would entitle the vendee to rescind the contract as the loss should follow the title and fall on the vendor.

The case of *Kelly* v. *Smith*, 218 Cal. 543 [24 Pac. (2d) 471], requires careful consideration. Kelly and his wife, by an executory contract, agreed to sell to Smith real property on which there were buildings. Smith entered into possession of the property and while it was in her possession one of the buildings was destroyed by fire. The contract of sale provided that Smith insure the improvements "in the sum of $4,000, loss, if any, payable to the parties hereto as their interests may appear". The burned building had been insured in the sum of $2,000 with the loss payable to the parties and the Bank of Italy Savings & Trust Association as their interests might appear. The principal question in the case was upon whom the loss occasioned by the fire should fall. The court summed up its conclusions as follows: "Some differences of opinion will be found to exist with respect to those cases where the vendee is not in possession, but where the vendee is in possession, enjoying the entire beneficial use of the property, having acquired an estate which he may convey or

encumber, and which to all intents and purposes is his, the great majority of opinion holds that the loss should fall upon him, such being the manifest intent of the parties where title is retained solely as security. And in view of the insurance provision in this case it should be particularly true. And this result is arrived at not by the legerdemain involved in the doctrine of equitable conversion so much as it is by the contract and the manifest purpose of the parties. By which we conclude that appellant was not entitled to rescind, by reason of the partial destruction of the premises by fire.'' Some mention is made of section 1742 of the Civil Code as adopted in 1931. This section is contained in that part of the code relating to sales of personal property and was not in effect at the time the buildings involved were burned in 1929.

The case of *Cocores* v. *Assimopoulos*, 4 Cal. (2d) 82 [47 Pac. (2d) 699], also deserves attention as it is the last pronouncement of the Supreme Court on the question before us. In that case the plaintiff and Helen Assimopoulos entered into a conditional sales contract for the sale of a lease, stock in trade, furniture, fixtures, equipment and good will of a confectionery store in Gilroy. The contract was silent on the question of insurance. Defendant, assignee of Helen Assimopoulos, insured the property and part of it was destroyed by fire in August, 1929. The Supreme Court stated the main question to be decided, and its conclusions as follows: ''The main questions on the appeal relate to the sufficiency of the evidence to support the findings of the trial court which involve the right of the defendant Anthony to claim the property described in the cross-complaint and adjudged to belong to him. The answers to the main contentions are resolved by an investigation into the propriety of the trial court's construction of the conditional sales contract and the rights of Anthony, the assignee thereof. Also involved is the question of the law as to which of the parties should bear the loss resulting from the destruction of a part of the subject matter of the contract. The property affected by the contract of sale was divisible in its nature, and the parties themselves still considered the contract in force after the fire which destroyed a part thereof on August 21, 1929. Therefore, the problems discussed by the plaintiff as to what should be the solution when there is a partial as distinguished from a total destruction are not pertinent.

At the time here in question section 1742 of the Civil Code, added by Statutes of 1931, page 2242, was not the law. The law applicable to this case is stated in *Kirtley* v. *Perham,* 176 Cal. 333 [168 Pac. 351], and in 22 Cal. Juris., pp. 942 et seq. and 1104 et seq., to the effect that in the absence of any special agreement between the parties, and here there is none, as to who should bear the loss in the event of destruction of the goods without the fault of either party, the loss must fall upon the person, here the plaintiff, in whom title is vested. In this and in other respects concerning the depletion and loss of the property in the ordinary course of business without the fault of the defendants, the court correctly construed and applied the provisions of the contract.''

It is thus apparent that in the two last decisions of the Supreme Court upon the question we are considering we have conflicting conclusions announced unless there can be found in the facts of those cases some reasonable differences which may serve as a basis upon which they may be harmonized. The only differences which a study of the decisions disclose are (1) that in the Kelly case the contract of sale dealt principally with real property while in the Cocores case personal property was sold, and (2) that in the Kelly case the contract of sale provided that the buildings should be insured in a fixed amount while in the Cocores case the contract was silent on the question of insurance.

Because one dealt principally with real estate while the other was concerned with personal property furnishes no logical ground upon which they may be harmonized. ▇ Section 1689 of the Civil Code, which is our statutory authority for actions for rescission of contracts, provides in part as follows: ''A party to a contract may rescind the same in the following cases only: . . . 4. If such consideration, before it is rendered to him, fails in a material respect, from any cause.'' This section makes no distinction between contracts dealing in real property and those concerned with personal property. It is broad and its language includes those instruments having personal property as their subject-matter just as surely as it does those which concern real estate. It has been so construed and applied in California without exception. (See cases already cited.) We would consider it an unwarranted act of judicial legislation should we attempt to hold this section should be

applied in one manner to contracts having to do with real estate, and in another with those treating with personal property, in any case where the cause of action was complete prior to the effective date of section 1742 of the Civil Code. The causes of actions in the Kelly and the Cocores cases and in the instant case accrued before that time.

It is our conclusion that the fact that in the Kelly case the contract of sale provided that the buildings on the property sold should be insured by the vendee in a fixed amount while that in the Cocores case was silent on the question of insurance furnishes us with a rational and logical ground upon which the decisions may be harmonized and brought into complete accord.

A party to a contract may rescind if the "consideration, before it is rendered to him, fails in a material respect, from any cause". This has been held to require a substantial injury as distinguished from an insignificant or inconsequential one. From this we may inquire, why may not the parties themselves fix the value of any of the improvements upon the property sold and provide against loss from their destruction? We can conceive of no valid reason why this may not be done.

When the parties to a conditional contract of sale agree that a building be insured in a fixed amount they should be held to have agreed that its value to each of the contracting parties is that amount. By providing for the insurance they should be held to have agreed that the money received from the insurance company upon the loss or damage to the building shall be in lieu of the building and equal to it in value. Thus they have agreed that when the insurance is received the consideration for the contract of sale has not failed "in a material respect", it having been changed in form but not in value. It follows that no rescission can be had on this ground. If this reasoning is sound the conclusions reached in the Kelly and the Cocores cases are in harmony and neither conflicts with the line of authorities we have cited, for the Kelly case is the first case we have discovered in which the question of insurance is considered as having a direct bearing on the consideration for the contract failing in a material respect where improvements in possession of a vendee have been destroyed by fire without his fault.

In the instant case the contract provided that the vendees should insure the building in the sum of $1200. At that time plaintiffs carried insurance on it in the sum of $700. Defendants paid plaintiffs the portion of the premium unearned on the date of the contract and the policy was continued in that amount without objection. The parties must be held to have tacitly consented to insurance in such amount. It is true that the contract impliedly fixed the value of the dwelling at $1200 while the insurance was only $700, resulting in a loss of $500 from the fire. Defendants cannot complain of that loss. In the contract they assumed the obligation of insuring the building for $1200. This they did not do. They can neither profit by nor take advantage of their own neglect or wrong.

It is evident that plaintiffs are entitled to judgment for but a small amount of the interest due at the time their suit was filed, if any was so due. It is evident from what we have said that under the evidence before us defendants are not entitled to a rescission of the contract.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1936.