[Civ. No. 32609.   Second Dist., Div. Three.   Feb. 26, 1969.]

ALFRED G. NELSON, Plaintiff and Respondent, v. BETTY SPERLING, Defendant and Appellant.

Joseph W. Fairfield, Ethelyn F. Black and Alfred W. Omansky for Defendant and Appellant.

Baker, LeBel & McNairy and Robert N. Baker, Jr., for Plaintiff and Respondent.

COBEY, J.—This is an appeal from a judgment, following a trial to the court, that plaintiff recover from defendant the principal amount of $3,300. This is the amount that plaintiff paid defendant for an unassembled, prefabricated house known as a Lindal Malibu Kit, which was never delivered to plaintiff, because subsequent to this sale the manufacturer of the house did not deliver it. Defendant had won the house in a drawing. The trial court concluded that there had been an entire failure of consideration for the contract of sale and that therefore plaintiff was entitled to rescind the contract and to recover from defendant the purchase price he had paid her.[1]

We affirm. Failure of the consideration for the obligation of the rescinding party, in a material respect *from any cause,* before such consideration has been received by him is a sufficient basis for unilateral rescission (see Civ. Code, § 1689, subd. (b) (4) ; *Ross* v. *McDougal,* 12 Cal.App.2d 172, 181-182 [55 P.2d 574] ) and such party may then recover any money or thing owing to him by the other party to the contract as a consequence of such rescission. (See Civ. Code, § 1692; *Macowsky* v. *Irvine,* 71 Cal.App. 77, 80 [234 P. 839].)

This is called restitution. Restitution means that the defendant must hand back to the plaintiff what the defendant has received from the plaintiff in the transaction. (See Rest., Contracts, § 348, com. a, § 350, Ill. 2; Rest., Restitution, § 108(a); *Utemark* v. *Samuel,* 118 Cal.App.2d 313, 317 [257 P.2d 656]; *Crofoot Lbr. Inc.* v. *Thompson,* 163 Cal.App.2d 324, 331 [329 P.2d 302], hearing denied.)

Defendant's fundamental position in this appeal

[1]In his first cause of action in his complaint plaintiff sought to recover from defendant the sum of $6,052 which he alleged to be the fair market value of the house; in his second cause of action, a common count for money had and received, he sought to recover his purchase price from defendant. The second cause of action was equivalent to one to enforce a unilateral rescission (see 3 Cal. Law Revision Com. Rep. (1961) pp. D-6-D-8; *Paularena* v. *Superior Court,* 231 Cal.App.2d 906, 912-913 [42 Cal.Rptr. 366]) and, therefore, the service of plaintiff's complaint upon defendant must be deemed to have been notice to her of plaintiff's unilateral rescission of the contract of sale between them. (See Civ. Code, § 1691.)

appears to be that she sold plaintiff merely her right to the prefabricated house and that when the manufacturer of the house subsequently failed to deliver it to plaintiff, without any fault whatsoever on defendant's part, she should be entitled to keep the purchase price which plaintiff had paid her since where one of two innocent parties must suffer because of the conduct of a third person, he, whose negligence caused the loss, must suffer. (See Civ. Code, § 3543; *Tampico* v. *Wood,* 222 Cal.App.2d 211, 214-215 [34 Cal.Rptr. 885].)

To invoke this maxim of jurisprudence in the instant case, however, we must first find some fault in the conduct of plaintiff in failing to request from the manufacturer of the house delivery of the house for some two months following his purchase of the house from defendant. But the trial court found, upon substantial evidence,[2] that plaintiff requested the manufacturer to deliver the house *within a reasonable time* from the date of his purchase of the house from defendant.[3] Therefore, no fault can be ascribed to plaintiff for his slight delay in asking the manufacturer for delivery of the house.

Furthermore, the trial court also found upon substantial evidence that what plaintiff purchased from defendant for the $3,300 was the house and not defendant's winning raffle ticket entitling her to the house.

The judgment is affirmed.

Ford, P. J., and Moss, J., concurred.

A petition for a rehearing was denied March 17, 1969, and appellant's petition for a hearing by the Supreme Court was denied April 23, 1969.

---

[2]The only witness at the brief trial was plaintiff, although defendant was personally present.

[3]Plaintiff's request was made by letter dated January 22, 1966, and asked for delivery of the house at a specified location in Malibu on or about May 20, 1966.